## KNAPP *vs.* CURTIS & ROOT.

*Warehousemen* are not liable for injury to property entrusted to them, if they use all the care and diligence in relation to the property which prudent men exercise in respect to their own.

Where a verdict is against evidence, and also contrary to the charge of the presiding judge, on granting a new trial the costs abide the event of the suit.

THIS was an action on the case, tried at the Erie circuit in September, 1830, before the Hon. ADDISON GARDINER, one of the circuit judges.

On the 10th November, 1827, the defendants, as warehousemen, or store keepers, received on their wharf at Buffalo, 211 barrels of salt, belonging to the plaintiff. About the first of December following an agent of the plaintiff requested the salt to be put into a store house, and it was agreed it should be done, unless it was soon sold, the harbor then being free from ice and vessels being expected down the lake. On the 27th January, 1828, there was a gale on lake Erie, which commenced about midnight, and the water at Buffalo rose very suddenly; it was at its greatest height from 9 to 11 A. M. The salt of the plaintiff was on the wharf at the time, piled up in tiers; the lower tier became wet and was destroyed, consisting of 81 barrels. The defendants' wharf and store house were built considerably higher than the water had ever, previous to the occurrence in question, been known to rise, and the salt lying on the wharf was but little, if any, more exposed to injury from the storm than it would have been had it been rolled into the store house. The judge charged the jury that the defendants were liable only in

consequence of neglect to use that care in the preservation of the salt, that prudent men would ordinarily use over their own property; that to justify a verdict against them, the jury must be satisfied that the injury complained of was occasioned by the neglect of the defendants, either in not raising their wharf to a sufficient height, in not rolling the salt into the store house, or in not securing it after the commencement of the storm; that if they should be of opinion that the defendants ought to have rolled the salt into the store house previous to the happening of the storm, the plaintiff would be entitled to recover the difference between the injury which the salt received upon the wharf and that which it would probably have received had it been rolled into the store house, which he remarked, from the evidence, must have been trifling; and to determine the question whether the salt could have been removed after the commencement of the storm, he directed their attention to the evidence which had been given. The jury found a verdict for the plaintiff for $217,57, allowing $2,12½ per barrel for the salt, and the interest of the same. The defendants moved for a new trial.

*H. E. Davies*, for the defendants.

*J. A. Spencer*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J. The judge stated the law correctly to the jury: that the defendants, as warehousemen or store keepers, were not liable, if they had used all the care and diligence respecting the salt in question which prudent men exercise in relation to their own property. That if they had been guilty of negligence, it must have consisted either, 1. In a want of care and prudence in not raising their wharf and store higher; or 2. In omitting to put the salt into the store house; or 3. In omitting to secure the salt after the storm commenced. On all these points the testimony was entirely in favor of the defendants. 1. Their store and wharf was as high as any other, and the water had never before risen so high as upon the occasion of this loss; 2. Had the salt been in the store house the damage would have been

about the same; and 3. The rise was so sudden that it did not appear that the salt could have been saved. On these points the plaintiff produced no evidence. The verdict is against evidence, and being also against the charge of the judge, it must be set aside, with costs to abide the event. 1 *Johns. C.* 279. There was no question upon the evidence, the verdict is therefore contrary to law.