Pierrepont, J
.-—-Two questions are presented by this appeal:
First. Under the law of the case, as stated by the court to the jury, was the verdict against the weight of evidence ?
Second. Does the case disclose any errors in the rulings of the judge below, to which the defendants excepted?
It appears, from the evidence, that Gilbert Sanford, the deceased, on the 30th of December, 1855, stepped upon the defendants’ car, which was on its route from Chambers street to 30th street, in this city, and at once announced that he would not pay fare, saying : “ I came up last night and was not carried through;” that the car was crowded with passengers, many of whom were standing; that the conductor told him that he must pay fare or leave the car; that it was the duty of the conductor to collect fare from every passenger; that the conductor tried to collect it from Sanford, and returned to him more than once for that purpose; that Sanford became “very turbulent,” “rose at the conductor,” “muttered something,” and placed himself, in an attitude as though about to strike the conductor; that the conductor took Sanford by the collar, rung the bell for the driver to stop; that the driver put down the brakes, and so stopped the speed of the car; that it was just in movement when the conductor pulled the deceased off the front platform; that he fell against the sloping snow, when he was in some manner so bruised and injured that he died in consequence:
I think that the charge of the judge made a just and fair *135 presentation of the case to the jury; and if so, then the verdict is against the law of the case, against the weight of evidence, and against the scope and meaning of the charge of the court.
The court charged the jury, as matter of law, that “ Sanford was in the wrong by refusing to pay his fare or to leave the car;” and, that if he was guilty of negligent or imprudent conduct at the time he was put off, which contributed to produce the injury, that the defendants were not liable.
The following authorities may be cited in support of this proposition, and I think it is well established law: (Button v. The Hudson R. R., 18 N. Y. R. 248; Rathbun v. Payne, 19 Wend. 399 ; Harlow v. Humiston, 6 Cowen, 189 ; Holbrook v. Utica & S. R. R. Co., 2 Ker. 236; Butterfield v. Forrester, 11 East. 60; Dowell v. The Steam Nav. Co., 5 Ellis & Bl. 195.)
The evidence in the printed case hardly leaves room to doubt, that the deceased was guilty of negligent and imprudent conduct which contributed to produce the injury at the time it happened. The court was requested to charge :
“That if the conductor, in the execution of the company’s directions to remove any one from the cars who declined to pay fare, used unnecessary force, and wantonly injured the deceased, the defendants are not liable for such malicious excess.”
The court declined so to charge, but said : “ I do not think the evidence justifies the conclusion that anything which the conductor did was. done maliciously, or with a design to injure Gilbert Sanford, or supposing that he would be injured-by being ejected as he was ejected.” The evidence clearly justifies these observations of the court, but does not justify the finding of the jury.
It is true as a proposition of law, that the company would not be liable for the malicious excess and wanton injury of one of their conductors in ejecting a passenger who refused to pay fare. (Vanderbilt v. Richmond Turnpike Co., 2 Comst. 479 ; Wright v. Wilcox, 19 Wend. 343 ; *136 Weed v. The Panama R. R. Co., 17 N. Y. R. 362; Story on Agency, sec. 456 to 462; Phil. R. R. Co. v. Derby, 14 How. U. S. 468; Crocker v. New London R. R. Co., 24 Conn. 249.) Under the circumstances of this case, as presented, I think that the refusal as modified was not error; but I am of opinion, that to allow this verdict to stand upon the whole case which this appeal presents, would be to sanction the lawless invasion of others’ rights, and to censure the fidelity of the employee in the honest discharge of a most unpleasant and thankless duty. As the verdict is both against the weight of evidence, and against the law as charged by the court, the verdict must' be set aside and a new trial ordered, with costs to abide the event.
Bosworth, Ch. J.
—The court charged {inter alia) that the conductor had a right, under the circumstances proved, to eject the deceased from the car. That the latter was in fault in refusing to leave the car. That the conductor was authorized to use force enough to put him out.
That, in his opinion, the evidence did not justify the conclusion that the conductor acted maliciously, or with a design to injure Gilbert Sanford, or supposing that he would be injured in being- ejected as he was ejected.
Assuming these instructions to be correct (and the defendant is entitled to have them so regarded for all the purposes of the present appeal), then it must be deemed to be true, that the conductor was in the right in attempting to remove the deceased, and the latter was in the wrong in resisting the efforts to effect his expulsion.
But the judge also charged, that if «there was any negligence or want of proper precautions, on the ‘part of the conductor, in ejecting Mr. Sanford from the car, which caused his death, the defendants were liable, provided the deceased, while the conductor was putting him off, was not guilty of any negligence or misconduct which concurred with the conductor’s negligence or want of care, in causing the injury.
This part of the charge affirms, that although the con *137 ductor had a right to eject the deceased, and although the latter was in fault to such extent as to justify the use of sufficient force to remove him, and was therefore wrong in resisting, and was in fault up to the instant of his injury, yet if such fault involved, at the time of his being ejected, no negligence or misconduct which contributed to his injury, the defendants are liable.
The defendants excepted to this part of the charge.
It seems to me, that when two persons are engaged in a line of action, at a particular time, which causes injury to one, and in all of said action the latter is in fault and the former is negligent and only that, the conclusion of law is, that the misconduct or fault of each contributed to his injury.
It is difficult to conceive on what theory or hypothesis it can be affirmed, or found, that the negligence of the deceased was not as truly a proximate cause of his injury as that of the conductor. If there was negligence of the conductor in removing the deceased, for the reason that the car was moving at such a rate of speed as to make the removal dangerous for that cause, there was, at the same time, operative and co-operating misconduct on the part of the deceased, in making the resistance which he offered, until the completion of the act which placed him in the perilous position that caused his death.
As the case was put to the jury, it was not suggested that there was “ any negligence or want of proper precaution, on the part of the conductor, in ejecting Mr. Sanford from the car,” unless it should be found that the car was moving at a rate of speed which of itself would make the act of ejecting him “ dangerous to life or limb or bodily health.”
In this connection, the judge expressed the opinion that the evidence did not justify the conclusion that the conductor acted maliciously, or supposed that Mr. Sanford would be injured by being ejected, or designed to injure him.
On this theory, the only negligence or misconduct of the conductor was in not stopping the car, or reducing its *138 motion to such extent, that no danger could result from its being in motion. There was then, or may have been, in this view, fault on the part of the conductor (and, it may . be said, the jury have found,) that in this respect the conductor was in fault. But, during all this time, the deceased was also in fault, and actively so, up to the moment he was placed in the perilous position which made his injury unavoidable. This persistent and continuously operative, fault was concurring to place him in the position of actual danger, and it is difficult to see how a jury could say that the deceased was not guilty, while the conductor was putting him off, of any negligence or misconduct which contributed to his injury.
In the case of Hegan v. The Eighth Avenue R. R. Co., (15 N. Y. R. 383,) Denio, Ch. J., said, that the defendants “have no right to drive immoderately, and it is in the highest degree dangerous for them to do so. Still, if they offend in that respect, and the driver of a common carriage will negligently or wilfully place himself, or remain in their path, he has no reason to claim damages.”
Assuming, that although the conductor had a right to eject Mr. Sanford, yet, that it was misconduct to do it while the car was going at its then rate of speed, still it is true that Mr. Sanford wilfully and without right, insisted on being carried in the car without paying fare, and in his own wrong wilfully resisted the efforts made to remove him. The distinction between this case and the one last supposed, if there be any, is hardly discernible.
In this case the deceased was in fault from the time of entering the car until he was put out. Even assuming that he had persuaded himself that he had a right to insist on being carried, as he had paid his fare the previous night and was obliged to leave the cars because they could not be drawn through the snow, yet, in judgment of law he was in the wrong in not leaving when ordered to do so, and continued in the wrong in resisting the efforts made to remove him.
The. conductor was right in removing him, and in using *139 sufficient force for the purpose and to overcome all resistance that was offered.
The deceased was injured by the movement of the car before he had been placed or had got beyond its reach, and the fault of the conductor consisted in not entirely stopping the car, or in not reducing in a greater degree its rate of speed, and, perhaps, in ejecting him from the front platform without'first stopping the car.
On such a state of facts, it is a case of misconduct or want of care on the part of the conductor, and only that, -.and concurring active wrong on the part of the deceased, which contributes to produce the injury. At all events, there seem to be no materials to uphold a finding that the deceased, while the conductor was putting him off, was not guilty of any negligence or misconduct which concurred with that of the conductor to cause his injury.
The' rule obtaining in the case of one person removing another from his premises, who refuses to leave upon request, and contrary to his duty, viz : that if more force be used than is required to effect the removal and overcome the resistance offered, and the person removed is injured, that he may recover for such injuries as were produced by the excess of force employed—is not applicable to a case like the present.
The part of the charge now under consideration, does not involve the question of the company’s liability for injuries resulting from the use of unnecessary force.
Nor is the position of these parties like that of two persons, one of whom assaults the other, and the latter— instead of using only so much force as is necessary for his personal protection, and desisting from further violence when he has disarmed the aggressor—proceeds, unnecessarily, to injure him. (Elliott v. Brown, 2 Wend. 497.)
It being settled law, that a party in fault shall not recover compensation for an injury which would not have been inflicted upon him without the concurrence of such-fault ; and as in the view most unfavorable to the defendants, there was only a want of proper precaution in not *140 having stopped the car before the conductor ejected the deceased; and as the deceased was in fault in not leaving the car when requested, and also in resisting the efforts made to remove him; and as the injury resulted from his being ejected in a manner in respect to which he was, at the time, in fault as well as the conductor—it is an unsatisfactory conclusion, upon such evidence, that his own misconduct did not concur with the conductor’s, to cause his-injury.
This view is not in conflict with the proposition, that if the conductor used unnecessary force, and by reason of that the deceased was- injured, the company may be liable.
If, in this instance, the deceased had offered to leave, or had made no resistance, but, "on the contrary, had directed his efforts to keep himself from being harmed by being removed, and, notwithstanding that, had been injured, the case would be different.
Conceding the rule stated to the jury to-be correct, on circumstances being proved which would admit of its application, and I think it is, still the evidence given does not satisfactorily establish that the deceased’s misconduct (which is undeniable), did not contribute to his injury.
The case is one in which the ends of justice require that a new trial should be granted.
The only question is, on what terms. The costs of the appeal should be costs in the cause, and abide the event, as we reverse the order denying the motion for a new trial.
The question of the negligence or misconduct of each party, was one of mere fact, and exclusively "within the province of the jury. If there was any evidence that the deceased did not resist the conductor, I am not prepared to say it was the duty of the court to take the case" from the- jury, although such evidence may have been very slight.
Still, in the view now taken of the evidence, upon a careful review of the whole, there was not enough to warrant the jury in finding, as they may have done, and as I think they have done, that there was no negligence of the *141 deceased, at the time of his removal, which contributed to his injury.
If this view be correct, the costs of the former trial should abide the event. The verdict is against the charge of the court, as well as against evidence. (Knapp v. Curtis & Root, 9 Wend. 60.)
Moncbief J.—.Concurred in this opinion.
New trial ordered, (a)

 On appeal, the Court of Appeals reversed the order and affirmed the judgment of the special term. (23 N. Y. R. 343.)