By the Court —Bosworth, Ch. J.
The Jury rendered a verdict in favor of the plaintiff for $108.75. This is made up of 75 cents extra fare, $8 for plaintiff’s expenses, at $2 a day, for four days, in Philadelphia, and $100 for the loss of profits in his business, four days, at $25 per day.
The plaintiff testifies that he received a telegraph despatch to meet a party in Philadelphia before seven o’clock p. m., of a day named. That, by reason of not being carried in the train for which he had bought a ticket, he arrived there about half-past nine. His testimony is: “I *414 had to remain there till Saturday, being too late to meet the party that evening; the next morning, about ten o’clock, I went to the place to see the parties, but I could not, on account of a death that took place the night 'previous,— so I was informed by the lawyer.”
Again, he says, that he went to negotiate a loan on some property in that place which had been “ willed” to him. His testimony is: “ That is what I went for; I had been there before, trying to do so, and the parties agreed to loan the money, and I was to go there that afternoon and get it; we had seen each other previous, and they telegraphed me to meet them; the name of the man was Lyons ;* * he never loaned it; I stayed in Philadelphia till I got money to go home; I would have gone before if I had had the money.”
There is no proof nor any ground for presuming that the plaintiff would have seen the parties on the day he reached Philadelphia, if he had arrived at seven 'p. ar., instead of nine and a half p. M. If a death in the family of those parties occurred that evening, (the only evidence of which was hearsay,) and for that reason he could not see them the next day, there can be no presumption that he could have seen them between seven and nine and a half p. m. of the previous evening. He does not appear to, have made any effort to see them, and relied on the information of some one, which may have been incorrect. He failed to procure the loan he went to negotiate. He concedes he did not remain four days on that business, and does not state on what day he ascertained that no loan could be procured. He says he would have returned sooner if he had had money to pay his expenses there and home.
Without any proof that he could have seen the parties he went to see on the day of his arrival, provided he had arrived at seven instead of nine and a half p. m. ; without any proof that he failed to procure a loan, by reason of his later arrival, and without proof as to when he first saw those parties and ascertained that no loan would be made, *415 he recovers $100 for the loss of profits in his business, for four days, and eight dollars for his expenses those four days, at $2 per day.
He admits he did not attempt to borrow the small sum necessary to pay his expenses there and pay his passage home, nor suggest that there was any difficulty in the way of his borrowing it, if he had desired to do so.
While his delay there was caused by no necessity, and was continued merely because he preferred to wait until he received money from Hew York, rather than borrow it there, he cannot subject the defendant to the loss of his accustomed profits in his business. There is not, in such a case, any necessary or natural connection between such loss and the failure of the defendant to carry him to Philadelphia in the train for which he purchased his ticket.
On the evidence, as it stands, he was not entitled to recover the item of $100, (loss of profits,) nor his expenses for four days, at $2 per day.
Without proof that the parties he went to see would have seen him on the day of his arrival, provided he had been there at seven p. ar., and in that event he would have returned the same evening or the next day, it is difficult to perceive on what ground he can recover anything for loss of expenses.
In this view the verdict is against evidence and the law of the case, as stated in the charge of the Judge, and the judgment and order should be reversed, and a new trial granted, with costs to abide the event. (Knapi) v. Curtis} 9 Wend., 60.)
Ordered accordingly.