SAMUEL BILLINGS, APPELLANT, *v.* GEORGE BILLINGS AND OTHERS, SURVIVORS OF SAMUEL C. WEED, RESPONDENTS.

*Fraudulent conveyances — right of the debtor to prefer one creditor — a mortgage given by him to secure a valid debt is valid, though intended to hinder and defraud his other creditors.*

On August 8, 1878, a debtor, who was indebted to his brother in the sum of $800 for work and labor performed during the five years immediately preceding that date, offered to secure the amount due by giving a bond and mortgage upon certain real estate owned by him. He made the offer with the intent to hinder, delay and defraud his creditors, and for the purpose of placing the land beyond their reach and securing a home for himself; and the brother, with knowledge of the said intent, and with a like intent, accepted the said mortgage.

An action to foreclose the mortgage was defended by persons who recovered a judgment against the debtor on December 3, 1879, upon an indebtedness which existed prior to the giving of the mortgage, upon the ground that the mortgage was fraudulent and void as to the creditors of the mortgagor.

*Held,* that the mortgage was valid.

*Semble,* that in the case of a purchase made with such a fraudulent intent on the part of the vendor and vendee the sale would be set aside, even though the full value of the property was actually paid. (LEARNED, P. J.)

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee.

*C. A. Kellogg*, for the appellant.

*Leslie W. Russell*, for the respondents Sawyer & Russell.

LEARNED, P. J.:

This was an action to foreclose a mortgage made by George Billings and Sarah A. Billings, his wife, to the plaintiff, August 8, 1878. The defendants, Russell & Sawyer, recovered a judgment against George Billings December 3, 1879, upon an indebtedness which existed prior to the giving of the mortgage. The consideration of the mortgage was work and labor performed during the five years next prior to August 8, 1878; and at that date there was owing therefor, from George Billings to the plaintiff, the full amount of $800, for which the mortgage was given.

The judgment creditors above named defended on the ground that the bond and mortgage were given with intent to hinder, delay and defraud creditors. None of the evidence on the trial appears. The appeal is taken solely on the referee's report. He finds the consideration of the mortgage to be as is above stated, and that there is justly due to the plaintiffs $800, and interest from the date of the mortgage. He finds further that George Billings offered the plaintiff to secure him by this bond and mortgage, with the intent to hinder, delay and defraud his creditors, and for the purpose of placing the lands beyond the reach of his creditors and securing a home for himself and family; and that the plaintiff, with knowledge of said intent, and with like intent, accepted and received the mortgage. And as matter of law on this he finds the mortgage to be void against the creditors of George Billings.

The principle thus asserted is that a mortgage given to secure a valid indebtedness is void against creditors if made and accepted with intent to place the mortgagor's property beyond the reach of his other creditors, and at the same time secure him the use thereof.

The question thus presented was in substance before this court in the case of *Jewett, Receiver*, v. *Noteware* (30 Hun, 192). And we held a different opinion from that of the learned referee. It may be well, however, to examine again the authorities and to

consider the reason why conveyances are held to be void against creditors.

The first case cited by the referee is *Fullerton* v. *Viall* (42 How., 294). A note to that case by the editor disclaims all authority for it; and expresses a wonder that it should have been overlooked so long (viz., from 1858 to 1871), and that no opinion was written in the Supreme Court or in the Court of Appeals. It is published, including the head note, solely on the authority of the plaintiff's attorney. We cannot give much weight to the authority; and, at any rate, it appears that the alleged fraudulent grantee did not pay full value.

The next case is *Briggs* v. *Merrill* (58 Barb., 389). This holds nothing on the point in question. It only decides that where there is a transfer fraudulent as to creditors, and the consideration is a note given at the time, the law will not aid in the collection of the note. It is part of the fraud.

The same is true of the case of *Union Bank* v. *Warner* (12 Hun, 306), also cited by the referee and the defendant's counsel. In the case of *Salomon* v. *Moral* (53 How. Pr., 342), there was no consideration for the conveyance. In the case of *Beals* v. *Guernsey* (8 Johns., 446), Johnson made a sale of whisky to the plaintiff, and the consideration was the plaintiff's note payable in a year *in good whisky.* Plainly there was no actual payment, but merely a fraudulent agreement to pay. No case is cited to us where a transfer has been set aside for which full value has been actually paid at the time.

We need not decide the question whether, when a vendee purchases from a vendor and pays at the time a full price, and the transaction is knowingly to defraud creditors, the transaction can be set aside. Possibly it may be said that the price then paid is a part of the fraudulent transaction; that such a transaction could only be carried out in order to conceal the vendor's property by changing its shape; that as the whole transaction would be fraudulent, the purchaser must lose what he had paid in such fraudulent transaction.

But the question presented in the present case is different. The mortgagee had a just debt against the mortgagor; a debt which arose in good faith and to which no taint of fraud applied. He was an honest, *bona fide* creditor of the mortgagor, long before the

execution of the mortgage. He had therefore a right to collect his debt or obtain security for it.

When a creditor collects a debt, or obtains security for a debt, from a debtor who is not perfectly solvent, his intent necessarily is to place the property from which he collects, or on which he obtained security, beyond the reach of other creditors of the debtor. But there is nothing wrong or fraudulent in that intent, or in the act by which it is effected. The diligent creditor is favored, not blamed, by the law.

Nor is it wrong or fraudulent that the debtor should prefer one creditor to another, where there is no bankrupt law. The right to make a preference is always acknowledged. Yet preferences are made to put the debtor's property, to the extent of the preference, beyond the reach of other creditors.

In the present case the plaintiff might have sued the debtor and recovered judgment on the debt with the tacit consent of the debtor and with the intent of securing the first lien, and thus, to that extent, depriving these respondents of the opportunity to collect their debt. Such a proceeding would clearly have been valid; whatever its intent. The execution of a mortgage is no worse. (*Bedell* v. *Chase*, 34 N. Y., 388; *Auburn Ex. Bank.* v. *Fitch*, 48 Barb., 344; *Archer* v. *O'Brien*, 14 Sup. Ct. N. Y. [7 Hun], 150.) And we can find no case in which a mortgage given to secure a previously existing honest debt, and given for no more than the amount justly due has been set aside. Such a mortgage cannot be given with intent to defraud creditors. It is given to secure a creditor; and security to one in preference to all others is not fraudulent. Therefore to give such preference intentionally cannot be to intend to defraud. Nothing is taken from creditors and there is no intention to take anything from creditors. Hence, there can be no intent to defraud them. Suppose the defendant Billings, instead of mortgaging property, had taken money, and all the money he owned, and had paid the plaintiff with the intent that other creditors should not have that money. Would that be fraudulent towards them? But it is further found that the mortgage was made for the purpose of retaining the possession of the land as a home for himself and his family. So far as the equity of redemption is concerned that is subject to the lien of the judgment of

Russell and others. But, further than this, if the debt to the plaintiff was a previously existing honest debt, and the mortgage was given for no more than the amount justly due, we know of no fraud on other creditors in the neglect of the mortgagee to foreclose, or even in the expectation that he would not. Even if the mortgagee were to foreclose and buy in the premises, he could, without fault towards the mortgagor's creditors, permit the mortgagor to live on the premises.

We are referred to the statute, stating that a conveyance, etc., made with intent to hinder, delay or defraud creditors shall be void. But there is another part of the sentence. The conveyance is void *as to the persons hindered, delayed or defrauded.* There must be not only the intent, but the intent must be so carried out that some creditors are actually hindered, delayed or defrauded. And that means, not that some other creditor is secured in preference, but that property, which ought to go to creditors, has been transferred to one who is not a creditor. A conveyance is made with fraudulent intent only as to those who are in fact defrauded. And no creditor is defrauded merely by the securing of another creditor in preference to himself.

The judgment should be reversed, a new trial ordered, referee discharged, costs to abide event.

Present — LEARNED, P. J. and BOARDMAN, J ; BOCKES, J., not acting.

Judgment reversed, new trial granted, referee discharged, costs to abide event.