SAFETY STEAM GENERATOR COMPANY, APPELLANT, *v.* DICKSON MANUFACTURING COMPANY, RESPONDENT.

*Costs — an offer of judgment for a certain sum and costs carries with it the right in a proper case, to an extra allowance.*

After issue had been joined in an action, the defendant served an offer of judgment for a certain sum and costs, which was accepted.

*Held,* that as the plaintiff then became entitled to costs, he was also, in a proper case, entitled to an extra allowance.

That an extra allowance is a part of the costs.

APPEAL by the plaintiff, the Safety Steam Generator Company, from an order, entered in the office of the clerk of the city and county of New York on the 19th day of August, 1891, denying, on the ground of a want of power, the motion of plaintiff for an additional allowance, by way of costs.

*H. B. Closson,* for the appellant.

*F. E. Smith,* for the respondent.

Per Curiam :

The motion in the court below was denied. It appeared that after issue joined the defendant served an offer of judgment, which was accepted by the plaintiff, whereby defendant offered to allow judgment for a certain sum and costs. The plaintiff made a motion for an allowance, which was denied by the court because of a supposed want of power.

In this we think the court erred. The case of *Landon* v. *Van Etten* (57 Hun, 122), seems to be in conflict with this proposition. Although the precise question was not involved, yet it was there held that an allowance was part of the costs, and that a defendant succeeding after an offer, being entitled to costs, was entitled to an allowance. The case of *Wing* v. *De La Rionda* (126 N. Y., 680 also establishes the principle that an extra allowance is part of the costs. Therefore, the plaintiff being entitled to costs, the court had power in a proper case to grant an allowance.

Our attention has been called to the case of *Penfield* v. *James* (56 N. Y., 659), in which the court seems to have held, that where an insufficient offer of judgment was served, the plaintiff was not entitled to an allowance. We think that either the court must have acted under a misapprehension of the facts or the case must be incorrectly reported.

The order should be reversed, with ten dollars costs and disbursements, and the plaintiff allowed to renew his motion at Special Term.

Present — Van Brunt, P. J.; Daniels and Ingraham, JJ.

Order reversed, with ten dollars costs and disbursements and the plaintiff allowed to renew his motion at Special Term.