MARY WILEY, an Infant, by JOHN WILEY, her Guardian ad litem, Appellant, *v.* THE LONG ISLAND RAILROAD COMPANY, Respondent.

*Review of judgment of nonsuit — when negligence of a railroad company is shown — when contributory negligence is not established — inference that a child is non sui juris.*

Upon the review of a judgment of nonsuit the appellant has the right to have the testimony regarded in the light most favorable to him.

Upon the trial of an action brought to recover the damages resulting from personal injuries sustained by reason of the alleged negligence of a railroad company, it was shown that the defendant's train was backed towards the public crossing without a brakeman at the rear, and without notice by bell or whistle; that the flagman or gate-tender was absent from his post, and the position of the gates, if not an invitation to pedestrians to cross, was, at least, ambiguous.

*Held,* that the negligence of the defendant railroad corporation was clearly shown.

The mother of the plaintiff, an infant, approached the crossing with care, leading her child by the hand. The tracks were numerous, and while she was hesitating whether or not to advance, the child broke away from her and hastened to cross the tracks.

*Held,* that the mother was not bound to anticipate such movement on the part of the child, and she could not be said to have been negligent;

That the question whether or not the child was *sui juris,* and'if she was, whether she failed to use such care as the law required from a person of her age, could not be determined where her age was not given; although, as most of the witnesses spoke of her as a little child, and as she was of an age to be led by the hand, the inference would be that she was *non sui juris,* in which case she was not chargeable with negligence;

That even if she were *sui juris* she was not negligent, as it was a fair presumption from the testimony that her attempt to cross the track was an effort on her part to escape the threatened peril, and though such decision on her part might have been an error, even an adult is not required by law to decide wisely when an occasion calls for instant action.

(CULLEN, J., dissenting.)

APPEAL by the plaintiff, Mary Wiley, an infant, by John Wiley, her guardian ad litem, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 27th day of October, 1892, rendered at the Kings County Circuit, dismissing the plaintiff's complaint, and for costs.

*M. L. Towns,* for the appellant.

*W. C. Beecher,* for the respondent.

PRATT, J.:

As a nonsuit was granted, the appellant has a right to claim that the testimony be regarded in the light most favorable to the plaintiff.

It was shown that defendant's train was backed towards the public crossing without a brakeman at the rear and without notice by bell or whistle. The flagman or gate-tender was absent from his post and the position of the gates, if not an invitation to pedestrians to cross, was, at least, ambiguous. The negligence of defendant was clearly shown.

We do not see that the infant's mother can be said to be negligent. She approached the crossing with care, leading the child by the hand. The tracks were numerous. While she was hesitating whether or not to advance, the child broke from her and hastened to cross the track. That was not a movement the mother was bound to anticipate. Her attention was necessarily divided between the child and the eleven tracks, upon each of which a train was

liable to approach from either direction at any moment. She could not give her whole care to her hold upon the child, and the fact that for an instant her grasp loosened, does not prove negligence on her part.

The question remains whether the child was *sui juris*, and if she was, did she fail in using such care as the law required from a person of her age? We are not able to say that she was *sui juris*. Her age is not given, but most of the witnesses speak of her as a little child, and she was of an age to be led by the hand. The inference would be that she was *non sui juris*. If so, she was not chargeable with negligence, and the nonsuit was wrong. (*Huerzeler* v. *C. C. T. R. R. Co.*, 139 N. Y. 490, 494.)

If she was *sui juris*, did she fail in the care required of her by law? We think the fair presumption from the testimony is that she saw the train before her mother did, and that her attempt to cross the track was an effort on her part to escape the threatened peril. That may have been an error of judgment, but she was a child, and even an adult is not required by law to decide wisely when the occasion calls for instant action. If she used such discretion as could be expected from one of her years and acted promptly, we cannot hold her negligent.

It has been said that where one is run down by a train in broad daylight, when the view of the track is not obstructed, negligence may be predicated as a matter of law. But in this case it may not have been easy to see that the train was in motion. The revolution of the wheels is not easily seen. To one standing close to the track the position of the train was a fixed one or nearly so, and a portion of the attention must be given to each of the eleven tracks, and to both directions upon each track.

Giving due weight to the distracting circumstances, we must hold that the question whether the child exercised such care as the law required from her should not have been taken from the jury.

The judgment should be reversed and a new trial ordered, costs to abide the event.

DYKMAN, J., concurred; CULLEN, J., dissented.

Judgment reversed and a new trial granted, with costs to abide the event.