88  177<br/>4ap447

MARY WILEY, an Infant, by JOHN WILEY, her Guardian ad Litem, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

*Extra allowance — an application therefor must be made to the court before which the trial was had — rule 44, General Rules of Practice — its violation, if not objected to, disregarded on appeal.*

A motion for an extra allowance of costs should be made to the court before which the trial is had and to the justice who presided at the trial of the cause, pursuant to rule 44 of the General Rules of Practice.

The objection that such an application has not been made to such justice is not one that goes to the jurisdiction of the court. It is a rule of practice solely

and can be waived by the adverse party, and,when such objection is not taken at the time of the argument of the motion it will be deemed to have been waived. When a party desires to object to the power of the court to hear a motion or to the regularity of the proceedings of the moving party, he must seasonably take his objection and, if it is overruled, must see that the ruling of the court appears in the record, otherwise all such objections will, upon appeal, be deemed to have been waived.

APPEAL by the defendant, The Long Island Railroad Company, from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 25th day of April, 1895, as grants the plaintiff an extra allowance of five per cent on the recovery in the above-entitled action, in addition to costs, with ten dollars costs of motion.

*W. C. Beecher,* for the appellant.

*M. L. Towns,* for the respondent.

BROWN, P. J. :

This action was first brought to trial at the Circuit and the complaint was dismissed. Upon appeal to the General Term the judgment was reversed and a new trial granted. The defendant then gave the usual stipulation for judgment absolute against it in case of an affirmance, and appealed to the Court of Appeals, where the judgment of the General Term was affirmed, with costs. The case then went back to the Circuit to have the damages assessed and there was a verdict in plaintiff's favor. It does not appear from the record before us that any motion for an allowance was made at the Circuit.

Thereafter the plaintiff served a notice upon the defendant that, upon all the evidence and proceedings in the action and upon the affidavit of plaintiff's attorney, she would move at Special Term to set aside the verdict as inadequate, and in case the verdict was not set aside, for an extra allowance in addition to costs.

After hearing the parties the court refused to set aside the verdict, but granted to the plaintiff an allowance of five per cent upon the amount of the verdict.

The defendant has appealed from so much of the order as grants the allowance, upon the ground that the motion for an allowance should have been made to the judge who presided at the trial when the verdict was rendered.

We agree with the appellant's counsel that motions of this character should be made to the court before which the trial is had. Such is the plain provision of the General Rules of Practice (Rule 44), and that rule has been uniformly construed to require application for extra allowance to be made to the justice who presided at the trial of the cause. (*Hun* v. *Salter*, 24 Hun, 640.)

The objection, however, is not one that goes to the jurisdiction of the court, but is a rule of practice solely, and could be waived by the defendant.

We do not find in the appeal papers that the objection now made by the appellant was taken at the Special Term, and, not having been taken at the argument, the appellant must be deemed to have waived it.

When a party desires to object to the power of the court to hear a motion, or to the regularity of the proceedings of the moving party, he must seasonably take his objection, and, if it is overruled, see that the ruling of the court appears in the record. Otherwise all such objections will, upon appeal, be deemed to have been waived. (*Cowenhoven* v. *Ball*, 118 N. Y. 231.)

The order must be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.