### WILBER v. WILLIAMS et al.

(Supreme Court, Appellate Division, Fourth Department. April, 1896.)

1. EXTRA ALLOWANCE—POWER TO GRANT—OBJECTION WAIVED.
    The objection that a motion for the additional allowance provided for by Code Civ. Proc. § 3253, "in a difficult and extraordinary case, where a defense has been interposed," was not made to the judge who tried the cause, as required by rule 45, is waived unless taken at the time the motion is argued.
2. SAME—DISCRETION OF TRIAL COURT.
    A motion for an additional allowance is addressed to the discretion of the trial court, which will not be controlled in the absence of abuse.

Appeal from special term, Erie county.

Action by David F. Wilber against John L. Williams and another for breach of a written contract relating to real property, and for an accounting thereunder. From an order granting an additional allowance to defendants, plaintiff appeals. Affirmed.

The order was granted on the affidavit of C. M. Bushnell, the answer of the defendants, the examination of the defendants before a referee, the affidavits used upon the motion to change the place of trial from Otsego to Erie county, and "upon the proceedings of record in this case." The motion was opposed upon an affidavit of the attorney for the plaintiff. It was made to appear by the affidavits, examinations and proceedings of record, as the order recites, "to the satisfaction of the court, that the sum claimed herein was $400,000, and that said action was a difficult and extraordinary action, and that a defense was interposed thereto." The complaint contained 32 folios, and set out an agreement made on the 5th day of February, 1892, between F. W. Hawley and the defendants, as to a joint venture to be made in the purchase of land in Erie county, and that the contract was subsequently assigned to the plaintiff. The prayer of the complaint was that the plaintiff have judgment for "the sum of $400,000, his said damages; also compelling and directing a specific performance on the part of defendants of the said contract; also compelling and directing the said defendants to account to this plaintiff for all lands purchased by them under and by virtue of the said contract hereinbefore set forth, including the said Briggs farm, and to account for such of said lands as have been sold by them, and such other or further order or relief as the court may deem just." The answer consisted of numerous denials, and an admission that on the 5th of February, 1892, the defendants entered into a contract with one F. W. Hawley, set forth in the complaint, and which the complaint alleges was assigned to the plaintiff. The answer also alleges that the defendants informed Hawley on the 8th of February, 1892, "that no lands could be purchased under said contract; and it was then and there mutually agreed by the de-fendants and said Hawley that no lands could or should be purchased under said contract, and that the contract should be abandoned, and no further steps taken thereunder; and they did then and thereupon abandon and cancel said contract, and the said Hawley did consent to the cancellation of such contract, in writing duly signed by him." It was further alleged in the answer that Hawley failed to carry out and perform any of the provisions of the contract alleged in the complaint.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Douglas W. Miller, for appellant.
Norton & Bushnell, for respondents.

HARDIN, P. J. Section 3253 of the Code authorizes an additional allowance "in a difficult and extraordinary case, where a defense has been interposed in an action"; and subdivision 2 of that section authorizes the allowance to be a "sum not exceeding five per centum upon the sum recovered or claimed." It seems that several ineffectual efforts were made to bring the action. to trial at special term, and it was set down for trial at a future day of the term by a judge who did not appear on the adjourned day, when it was finally brought to a hearing. At the hearing, several motions were made of a dilatory character, and one of them was based upon an affidavit verified October 7th by the attorney, and another one verified October 8th by the counsel for the plaintiff; and, after those several motions were denied, the defendants moved to dismiss the complaint, and the plaintiff objected on several grounds,· and the complaint was dismissed, with costs, by Mr. Justice Childs. The term was further adjourned, and, upon affidavits, a motion was made at a later day in the term, when the motion came on to be heard before Mr. Justice Spring, who had heard some preliminary motions

that had been made in the cause. The record before us does. not show that any objection was made at the time the motion was argued before Mr. Justice Spring on the ground that he did not preside at the trial at the time the dismissal of the action took place. The order does not recite any objection to the organization of the court; and, although rule 45 provides that motions for extra allowance should be made at a term held by the judge who presided at the trial, we think that, inasmuch as it does not appear that the plaintiff objected at the time the motion was presented and submitted, the plaintiff did not promptly object to the irregularity of which he now seeks to complain. Again, it appears that the object of the rule was to enable the judge who is to pass upon the question whether the case was difficult and extraordinary, or not, was that he might be possessed of the facts and circumstances transpiring at the trial. Safety Steam-Generator Co. v. Dickson Manuf'g Co., 61 Hun, 335, 16 N. Y. Supp. 32; Sentenis v. Ladew, 140 N. Y. 463, 35 N. E. 650. In this case there seems to have been no protracted trial, and therefore the reason of the rule was not violated, inasmuch as it appears that the judge who granted the motion had about as much information as to the nature of the issue, and of what transpired on the occasion of the dismissal of the complaint, as the judge who granted the dismissal. The justice who heard the motion had jurisdiction of the parties and of the subject-matter; and, inasmuch as the objection was not taken at the time of the argument of the motion, we think it should now be overruled. Wiley v. Railroad Co., 88 Hun, 177, 34 N. Y. Supp. 415; Cowenhoven v. Ball, 118 N. Y. 231, 23 N. E. 470.

There was a conflict in the papers before the special term relating to the question whether the case was difficult and extraordinary. The special term was called upon to solve that conflict, and has done so by its conclusion that it satisfactorily appeared to it that the case was both difficult and extraordinary; and, after reaching such a conclusion, it was called upon to exercise its discretion; and a perusal of the appeal book does not lead to the conclusion that the discretion was abused. Its order should therefore be sustained. Tolman v. Railroad Co., 31 Hun, 397; Meyer Rubber Co. v. Lester Shoe Co., 92 Hun, 52, 36 N. Y. Supp. 729. The foregoing views lead to an affirmance of the order.

Order affirmed, with $10 costs and disbursements. All concur.