RANDALL C. COWENHOVEN, Appellant, *v.* GEORGE W. BALL, Respondent.

On appeal to this court from a judgment entered at General Term, "upon a verdict subject to the opinion of the court," the return must contain a "statement of the facts, of the questions of law arising thereupon, and of the determination of those questions by the General Term," as required by the Code of Civil Procedure (§ 1339); without such a statement the appeal may not be heard.

While in general, where exceptions have been taken on trial, it is erroneous to direct a verdict subject to the opinion of the General Term, the party taking the exceptions may waive them, and by consent the case may be submitted to the General Term, and where no exception was taken at the trial to the direction of a verdict and the objection to the power of the General Term to hear the case was not raised in that court, it will be deemed to have been waived.

*It seems*, objections which are in the case, arising upon the evidence and involved in the controversy between the parties, are meritorious and

available to the unsuccessful party on appeal although they may not have been considered in the lower court.

Objections, however, to the proceedings not connected with the matters in issue, but which are preliminary and go only to the right and power of the court to hear the case, are technical and are deemed to have been waived if the party proceeds with the trial or argument without raising them.

A party intending to question the power of the court to hear the case should do so at his earliest opportunity, and if his objection is overruled, he should see to it that by an appropriate order the ruling is made apparent on the record.

(Argued December 10, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 9, 1886, which ordered judgment upon a verdict directed for defendant at the circuit, subject to the opinion of the General Term.

This was an action of ejectment.

The facts material to the appeal are set forth in the opinion.

*E. H. Benn* for appellants. If there is any conflict of evidence in a case, or if exceptions have been taken to rulings on the trial by the defeated party, it is error to direct a verdict subject to the opinion of the court at General Term and a mistrial for which the judgment will be reversed. (*Purch v. Mattison*, 25 N. Y. 211.) It is not necessary that either party should object to make the error fatal. Nothing short of an *express* consent would be a waiver. (*Byrnes* v. *City of Cohoes*, 5 Hun, 602; 67 N. Y. 204.) Independently of the statute of limitations the plaintiff has made out a proper case in ejectment against defendant. (*Territt* v. *Cowenhoven*, 11 Hun, 320; 79 N. Y. 400; *People ex rel.* v. *Howlett*, 76 id. 574; 3 Wait's Act. & Def., 12, 13.) The statute of limitations does not apply, if it does, it was not run for the proper period. (*Luce* v. *Curley*, 24 Wend. 451.)

*John T. Barnard* for respondents. The judgment of General Term thereon cannot be reviewed unless a statement of

facts and the conclusions of law is prepared and filed with the judgment roll. (*Reinmiller* v. *Skidmore*, 59 N. Y. 661; *Terrett* v. *Cowenhoven*, 79 id. 400; *Overing* v. *Kussell*, 32 Barb. 263; *Humbert* v. *Trinity Church*, 24 Wend. 689; *Sands* v. *Hughes*, 53 N. Y. 296; *Toole* v. *Remsen*, 70 id. 303 · *Reformed Church* v. *Schwcraft*, 65 id. 134; *Cugger* v. *Lansing*, 64 id. 417.) Title to land which has been acquired by twenty years adverse possession is equally strong as one obtained by grant. (*Sherman* v. *Kane*, 86 N. Y. 57.)

Brown, J. When the plaintiff rested his case at the trial, the court directed a verdict for the defendant subject to the opinion of the General Term.

Such a direction was proper under section 1185 of the Code, if the facts were undisputed and the case presented questions of law only. (*Howell* v. *Adams*, 68 N. Y. 314.)

Judgment was ordered by the General Term upon the verdict so directed and the plaintiff has appealed to this court.

The return contains the case as heard at the General Term with the judgment-roll, but no statement of facts or of the questions of law arising thereon, or the determination of the General Term upon such questions, and it nowhere appears that such a statement has been prepared or settled as required by section 1339 of the Code. Without such a statement the case cannot be heard in this court. (*Code*, § 1339; *Reinmiller* v. *Skidmore*, 59 N. Y. 661; *Essex Co. Bank* v. *Russell*, 29 id. 673.)

The appeal must therefore be dismissed, unless the appellant is correct in his claim that the judgment should be reversed on the ground that there were objections and exceptions to the rulings of the court during the trial, and the case therefore was not one in which a verdict subject to the opinion of the General Term could be directed, and that such erroneous direction of the trial court amounted to a mistrial. (*Matson* v. *F. B. Insurance Co.*, 73 N. Y. 310.)

The rule is well established that where a verdict is ordered subject to the opinion of the court without qualification,

exceptions cannot be heard. (*Durant* v. *Abendroth*, 69 N. Y. 148.) Hence when exceptions have been taken it is in general erroneous to direct a verdict subject to the opinion of the General Term. (*Byrnes* v. *City of Cohoes*, 67 N. Y. 205.

But the party taking the exceptions may waive them and the case may be submitted to the General Term by consent.

In the last case cited there was an express consent to that effect and this court held that the exceptions were thereby waived. In this case the record shows that plaintiff requested that certain facts should be submitted to the jury. He took no exception however, to the refusal of the court to submit the case to the jury, nor to the direction of a verdict.

While such an exception was probably not necessary for him to claim at the General Term that such direction was erroneous, it would seem to be a reasonable rule that he should be required to raise that question in that court if he intended to claim there was a mistrial.

It has been so held in the Supreme Court (*Briggs* **v.** *Merrill*, 58 Barb. 389 ; *Biddlecom* v. *Newton*, 13 Hun, 582), and in the Superior Court of New York, (*Porter* v. *Schepeler*, 2 Bosw. 188.)

In the cases cited by arguing the motion for judgment on the merits the appellant was deemed to have waived his exceptions. We think the rule a salutary one.

A waiver is a voluntary relinquishment of some right. It implies an election of the party to dispense with some advantage which he might, at his option, have demanded or insisted upon. And it is applied on the principle that when a party, whose right is to object, takes no objection to the proceedings or to the power of the court to hear the case, he is held to have waived all objections to formal and technical defects.

Not having spoken when he ought he will not be permitted to speak when he would. (*Johnston* v. *Oppenheim*, 55 N. Y. 291.) Numerous instances appear in the reports where a party has been held to have waived objections to the regularity of legal proceedings by failing to take the objection promptly.

A voluntary appearance in an action is deemed a waiver of

an objection that the summons was served outside of the territorial jurisdiction of the court, and of all defects in the process and irregularities in its service.

A party by going to trial before a referee waives his constitutional right to a trial by jury.

A public officer, prosecuted in a county other than the one in which the act was done for which he is sued, waives that objection by going to trial, and a general appearance in an appellate court is a waiver of an objection that the notice of appeal was not served in due season. These are familiar cases.

An appearance before a board of assessors and examination of the assessment-roll, without objecting that lands were illegally entered against the name of the party, and making no complaint except as to valuation, was held a wavier of the statutory requirements that the assessors should follow a certain course in subjecting lands to taxation. (*Hilton* v. *Fonda*, 86 N. Y. 340.)

In a recent case in this court, it was held that a judgment creditor, by appearing before a county judge in a proceeding for the discharge of a judgment debtor from imprisonment, and failing to object, waived the objection that the affidavit to the petition for the discharge of the prisoner was not made on the day of the presentation of the petition as required by section 2204 of the Code. (*Shaffer* v. *Risley*, 114 N. Y. 23.)

*Foster* v. *Hepburn* (48 N. Y. 41) was an action to determine claims to real property in which the defendants appeared and answered the complaint. On appeal from an order vacating the judgment on the ground that, because of a failure to comply with the provisions of the Revised Statutes, the court had not acquired jurisdiction, this court held, that assuming that the statutory provisions in relation to such actions had not been complied with, that by appearing and taking part in the proceeding, without objection, the defendants must be deemed to have waived all objections to irregularities in the proceeding which otherwise they might have made.

In civil cases a party may stipulate away all his rights, questions of jurisdiction as well as others, and he may do this by express agreement, by acts inconsistent with the objection, or

by his silence and omission to present the proper points when he ought to object. (*Vose* v. *Cockcroft*, 44 N. Y. 415.)

The distinction is clear between objections which are *in* the case and arise upon the evidence, and are involved in the controversy between the parties and those which are *to* the proceedings, and not connected with the matters in issue, but are preliminary,and go only to the rights and power of the court to hear the case.

The former are meritorious and are available to the unsuccessful party on appeal, although they may not have been considered in the lower court. The latter are technical, and do not affect the merits and are deemed to have been waived if the party proceeds with the trial or argument of his case without raising them.

If this rule is not to be applied to this case the appellant has his chance of success at the General Term and if he is beaten in that court on the merits, he is certain of reversing the judgment in this court on the ground that there was a a mistrial. A rule that would permit a practice of such character should not be sanctioned.

A party if he intends to question the power of the court to hear the case should do so at the earliest opportunity, and if his objection is overruled he should see to it that, by an appropriate order, the erroneous ruling is made apparent on the record.

So far as we can ascertain from the record before us this case was heard and decided by the General Term on the facts and the objection that a verdict had been improperly directed was not raised. The judgment recites that the verdict of the defendant subject to the opinion of the General Term was brought on for argument and counsel for the respective parties were heard thereon. The objection to the power of the General Term to hear the case not having been raised in that court the objection must be deemed to have been waived, and the case on appeal to this court not having been prepared as required by section 1339 of the Code, the appeal must be dismissed with costs.

All concur.

Appeal dismissed.