## SMITH v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

NEW TRIAL—COSTS.

> A new trial granted for error of law is a matter of right, and not of favor, and an order therefor conditioned on payment of $30 as costs was erroneous.

Appeal from trial term, Kings county.

Action by Sarah A. Smith against the city of New York. From a judgment in plaintiff's favor, and from an order granting defendant a new trial conditionally, defendant appeals. Order modified and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, and JENKS, JJ.

William J. Carr (R. Percy Chittenden, on the brief), for appellant.
Thomas F. Magner, for respondent.

JENKS, J. The order granting the new trial to the defendant was made on the minutes and on the exceptions. No other ground is specified, and therefore the relief was granted on account of the errors of law of the learned trial justice. Rule 31. The order is made conditional on the payment of $50 by the defendant. I think that the order is improper, inasmuch as the new trial is granted, not as a matter of favor, but as a matter of right. The practice authorized by such cases as Bailey v. Park, 5 Hun, 41, O'Shea v. McLear, 15 Civ. Proc. R. 69, 1 N. Y. Supp. 407, Lyons v. Connor, 53 App. Div. 475, 65 N. Y. Supp. 1085, and the like, does not apply. In O'Brien v. Long, 49 Hun, 80, 82, 1 N. Y. Supp. 695, Barker, J., speaking of the rule of Bailey v. Park, supra, says:

> "In practice, this rule is not strictly applied when the error or mistake complained of has been committed by a judge."

In Randall v. Bank, 1 N. Y. St. Rep. 592, the court, per Bockes, J. (Landon and Parker, JJ., concurring), struck out the motion costs allowed by the trial justice in granting a motion for a new trial on error of law. In Anderson v. Railroad Co., 54 N. Y. 334, 343, the court announces the principle thus:

> "But when a party asks a new trial as a matter of right, because some legal error was committed on the trial, this court has no discretion to grant or to withhold it, but, finding error, is bound to reverse the judgment and grant a new trial, and cannot impose such a condition."

It is hard to see why this rule should not apply in any court where the new trial is of right, and not of favor. 3 Wait, Prac. 512, 514. In Newman v. French, 45 Hun, 65, 68, the court, per Haight, J. (Smith, P. J., and Bradley, J., concurring), say that, where the motion for a new trial is made upon the minutes, motion costs only are allowable. The order should be modified so as to provide for $10 costs, and the costs should not be absolute, but should abide the event. Van Rensselaer v. Dole, 1 Johns. Cas. 279, 280 (especially the note); Knapp v. Curtis, 9 Wend. 60; Robbins v. Railroad Co., 7 Bosw. 1.

We do not deem it necessary to state the law as a guide for the new trial, for there are many adjudications of our highest court which deal with almost every possible phase of the claims for damages due to accidents in consequence of the icy or snowy condition of streets of municipal corporations.

Order granting a new trial modified in accordance with this opinion, and as modified affirmed, without costs. All concur.