STANISLAS DUBUC, Appellant, *v.* LAZELL, DALLEY AND COMPANY, Respondent. ·

TRIAL — WHEN JUDGMENT IS NOT VOID BECAUSE ENTERED UPON VERDICT TAKEN BY CLERK OF COURT IN ABSENCE OF JUDGE. A judgment in a civil action entered upon the verdict of a jury is not void because the verdict was received in the absence of the justice presiding at the trial, where it appears that it was stipulated in open court by the counsel for both parties that the verdict should be received by the clerk in the absence of the justice and entered upon the minutes with the same

force and effect as if such justice were present, and the justice thereupon left the court room without adjourning court and two hours later the jury returned a verdict for the plaintiff which was received by the clerk in the presence of the attorneys for both parties without objection, and that four days thereafter the usual motion for a new trial was made by counsel for defendant without taking any objection to the reception of the verdict by the clerk as stipulated; especially is this true where counsel for defendant did not repudiate the stipulation or attack the judgment on the ground that it was void until after an affirmance by the Appellate Division and an appeal from its decision was pending in the Court of Appeals, since counsel was then estopped by his conduct and laches from repudiating the stipulation.

*Dubuc* v. *Lazell, Dalley & Co.*, 105 App. Div. 533, reversed.

(Argued October 2, 1905; decided October 24, 1905.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 21, 1905, which affirmed an order of Special Term vacating and setting aside a judgment theretofore entered in the above-entitled action.

This action was tried in the city of New York in May, 1904. At the conclusion of the charge to the jury, the justice presiding at the trial intimated to counsel that he desired to leave for his home in Hudson. It was thereupon stipulated in open court by counsel for both parties that the verdict should be received by the clerk in the absence of the court, and entered upon the minutes with the same force and effect as though the court were present.

The justice left the court room about 3 o'clock in the afternoon without adjourning court, and about two hours later the jury returned a verdict which was received by the clerk in the presence of the attorneys for both parties, without objection. The verdict was in favor of the plaintiff for $8,000. Four days thereafter the usual motion for a new trial was made by counsel for the defendant, but on that motion counsel took no objection to the reception of the verdict by the clerk as stipulated.

An appeal was taken to the Appellate Division, where the judgment was affirmed, and the case is now before this court.

Pending this last appeal and after the defendant had received an adverse decision at the Appellate Division, his counsel made a motion at the Special Term to set aside the judgment entered upon the verdict, on the ground that the reception of the verdict by the clerk in the absence of the trial justice invalidated the judgment based thereon. The Special Term granted the motion and its decision was affirmed in the Appellate Division by a divided court. An appeal to this court has been allowed upon the following certified questions :

" 1. Did there exist a constitutional court at the time when the verdict was received ?

" 2. Did the verdict as received operate as an estoppel upon the defendant from questioning the same and did the consent of the parties render the verdict valid ?

" 3. It not appearing by the record upon appeal from the judgment that a justice of the Supreme Court was not present when the verdict was received, can a party thereafter object to such verdict under the circumstances of this case ? And is the court obliged to vacate the judgment upon the fact appearing *aliunde ?*

" 4. Is the judgment entered upon the verdict as received a valid judgment ? "

*Lyman E. Warren* for appellant. At the time of the reception of the verdict there was a constitutional court in session. (*Matter of Choate*, 18 Civ. Pro. Rep. 180 ; *People ex rel. Choate* v. *Barrett,* 56 Hun, 351 ; *People* v. *Sullivan,* 115 N. Y. 185 ; *Bedal* v. *Spurr*, 33 Minn. 207.) The reception of a verdict by the clerk pursuant to stipulation entered upon the minutes is not irredeemably void, and the consent of the parties rendered the verdict valid. (*Sentenis* v. *Ladew*, 140 N. Y. 463 ; *Matter of Cooper*, 93 N. Y. 507 ; *Baird* v. *Mayor, etc.*, 74 N. Y. 382 ; *Britton* v. *Fox*, 39 Ind. 369 ; *Willett* v. *Porter*, 42 Ind. 250 ; *McClure* v. *State*, 77 Ind. 287 ; *Queen* v. *State*, 130 Ind. 340 ; *Wright* v. *Hemphill*, 81 N. C. 33 ; *State* v. *Austin*, 108 N. C. 780.) Defendant is estopped from questioning the procedure. *(Fox* v. *Harding,*

7 Cush. 532; *Kelly* v. *Christal,* 16 Hun, 242; 81 N. Y. 619;
1 Herrman on Estoppel, § 55.)

*George H. Fletcher* for respondent.    There was no legally
constituted court in session at the time when the verdict was
received.    (8 Am. & Eng. Ency. of Law [2d ed.], 22; 17
Am. & Eng. Ency. of Law [2d ed.], 717; 6 Am. & Eng.
Ency. of Law [2d ed.], 135; *Paine* v. *Aldrich,* 36 N. Y.
S. R. 999; *Matter of Terrill,* 52 Kan. 29; Code Civ. Pro.
§ 999; *Hicenbotham* v. *Lowenbein,* 6 Robt. 561; *Rogan* v.
*Mullins,* 22 App. Div. 117; 22 Ency. of Pl. & Pr. 925;
*Hinman* v. *People,* 13 Hun, 266; *French* v. *Merrill,* 27
App. Div. 612; *Ingersoll* v. *Town of Lansing,* 51 Hun, 101;
*Morris* v. *Harburger,* 100 App. Div. 357; *People* v. *Shaw,*
63 N. Y. 36; *People* v. *Bork,* 96 N. Y. 188.)    The consent
of the parties did not render the verdict valid nor is the
defendant estopped from questioning the same.    (*Dudley* v.
*Mahew,* 3 N. Y. 9; *Morris* v. *Harburger,* 100 App. Div.
357; *French* v. *Merrill,* 27 App. Div. 612; *Cancemi* v.
*People,* 18 N. Y. 128; *Oakley* v. *Aspinwall,* 3 N. Y. 547;
*B., etc., R. R. Co.* v. *Polly,* 14 Gratt. 447; *Warner* v. *N.
Y. C. R. R. Co.,* 52 N. Y. 437.)    The judgment was prop-
erly vacated on motion.    (*White* v. *Coulter,* 59 N. Y. 629;
Code Civ. Pro. § 1282; *Ladd* v. *Stevenson,* 112 N. Y. 325.)

Werner, J.    Defendant's counsel admits that he stipulated
in open court that the verdict of the jury might be received
by the clerk with the same force and effect as if the presiding
justice were present.    He does not claim that this stipulation
was entered into through mistake or inadvertence, nor has he
ever asked to be relieved from it.    Four days after the ver-
dict was rendered he made a motion for a new trial without
even alluding to any objection to the manner in which the
verdict was received.    That motion having been denied he
took an appeal to the Appellate Division and in that court,
although he urged every other objection to the validity of the
judgment, he was silent as to his stipulation.    Not until his
appeal had resulted in an adverse decision, and he had taken

his final appeal to this court, did he make the motion which eventuated in the order we are now asked to review. It is obvious that if such a stipulation may be repudiated under such circumstances, it must be because of the inherent illegality of the proceedings taken under the stipulation. That seems to be the ground taken by defendant's counsel and subscribed to by the courts below. We entertain a different view. We think the stipulation was one which counsel had a right to make, but even if there were doubt upon that subject we think defendant's counsel is estopped by his conduct and laches from repudiating his stipulation at this late day.

" Parties by their stipulations may in many ways make the law for any legal proceedings to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contract than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal; and all such stipulations not unreasonable, not against good morals, or sound public policy, have been and will be enforced; and generally, all stipulations made by parties for the government of their conduct, or the control of their rights, in the trial of a cause, or the conduct of litigation, are enforced by the courts." This was the language of Judge EARL in writing for this court in *Matter of N. Y., L. & W. R. R. Co.* (98 N. Y. 447, 453), where many authorities are cited.

" In civil cases a party may stipulate away his rights, questions of jurisdiction, as well as others, and he may do this by express agreement, by acts inconsistent with the objection, or by his silence and omission to present the proper objections when he ought to object." (*Cowenhoven* v. *Ball*, 118 N. Y. 231, 236; *Vose* v. *Cockcroft*, 44 id. 415.)

The learned counsel for the respondent, while recognizing the force of this rule, contends that it has no application to

this case for the reason that the presence of the trial judge at the time of the reception of the verdict was necessary in order to constitute a valid court. In support of this contention he invokes the well-established principle that mere consent cannot create a court nor endow it with jurisdiction. The answer to this argument is, that in the case at bar there was a validly constituted court having jurisdiction of the subject-matter and of the parties. The absence of the trial judge when the verdict was received was, at most, an irregularity which the parties could and did waive, and while it would undoubtedly have been competent for the court to have relieved the defendant from the effect of his stipulation and waiver upon good cause shown, that could only have been properly done if the defendant had moved promptly.

In recent years it has been common practice to permit the rendition of sealed verdicts in the absence of the judge or justice presiding at the trial. It has never been claimed that the absence of the judge or justice in such cases has the effect of destroying the autonomy of the court or rendering its judgments void, and we do not perceive how the absence of the justice under the facts disclosed by this record could have had any such effect.

In criminal trials the rule is undoubtedly different. (*Cancemi* v. *People*, 18 N. Y. 128.) In the case at bar, however, we have simply a civil and private controversy, embracing no element of public interest or policy that rendered the presence of the justice essential to the ministerial act of receiving a verdict, where the parties without coercion or mistake had stipulated that they, together with the clerk, would receive the verdict in the absence of the justice. The law applicable to this case is well expressed by Judge Cooley in his work on Constitutional Limitations (5th ed. pp. 504, 505), where he says: " When it is once made to appear that a court has jurisdiction of the subject-matter and of the parties, the judgment which it pronounces must be held conclusive and binding upon the parties thereto and their privies, notwithstanding the court may have proceeded irregularly, or erred in its

application of the law to the case before it. It is a general rule that irregularities in the course of judicial proceedings do not render them void. An irregularity may be defined as the failure to observe that particular course of proceeding which, conformably with the practice of the court, ought to have been observed in the case; and if a party claims to be aggrieved by this, he must apply to the court in which the suit is pending to set aside the proceedings, or to give him such other redress as he thinks himself entitled to; or he must take steps to have the judgment reversed by removing the case for review to an appellate court, if such there be."

Defendant's counsel is doubtless correct in saying that the consent of parties cannot empower the court to delegate to the clerk any judicial functions. But there was no attempt to do any such thing in the case at bar. It is always the duty of the clerk to receive the verdict of a jury, and while that is usually done in the presence of the presiding judge, the latter exercises no strictly judicial function at such a time, except the physical act of presiding, unless some motion is made or the verdict as rendered needs correction. There is no claim here that the verdict was not regular, and we hold that in receiving it the clerk was not invested with any judicial function.

We are aware that in some cases the lower courts of this state seem to have adopted the contrary view. (*French* v. *Merrill*, 27 App. Div. 612; *Morris* v. *Harburger*, 100 id. 357; *Ingersoll* v. *Town of Lansing*, 51 Hun, 101.) When these cases are examined, however, it will be found that while the opinions upon which they rest seem to be at variance with the views here expressed, each is based upon special and peculiar circumstances which were in and of themselves quite sufficient to warrant the decisions made. In *French* v. *Merrill* the defendant, against whom a verdict had been rendered, died within two days thereafter and before judgment had been entered. The cause of action was one that did not survive. The executrix moved promptly to have the verdict set aside. It was granted for reasons that become obvious upon the mere statement of the case. In *Morris* v. *Harburger*

the presiding judge directed that in his absence the clerk should receive the verdict. The parties did not consent to the arrangement and moved promptly for a new trial upon that ground. In *Ingersoll* v. *Town of Lansing* the presiding justice left the court on Friday and did not return until the following Tuesday. Under the circumstances it was held that the jury might have been coerced into agreeing so as not to be kept together for four days. A motion to set aside the verdict was made promptly, and in that case Judge MARTIN expressly refused to hold that it was not competent for parties under any circumstances to make a binding stipulation that a verdict should be received in the absence of the judge.

In deciding this question upon the particular facts of this case, we do not wish to be understood as approving a practice that is concededly irregular, although at times desirable and even necessary. We simply hold that the judgment herein, entered upon the verdict received under the circumstances disclosed on this appeal, is not void because the verdict was received in the absence of the presiding justice.

The order should be reversed, with costs, and motion denied, with ten dollars costs; the first and fourth certified questions are answered in the affirmative; the second and third are not answered.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT and VANN, JJ., concur; O'BRIEN, J., absent.

Order reversed, etc.