due him before that $75 on July 9th and $75 on July 16th, making $150 due for salary and $19.25 for expenses, in all $174.25, instead of $119.75, the amount awarded by the judgment for damages. The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event, unless defendant will stipulate that the judgment shall be increased to $193.56, in which event the judgment, as so modified, will be affirmed, without costs.

BISCHOFF, J., concurs.

MacLEAN, J. (dissenting). By written contract of employment between the parties herein, the plaintiff was employed for a year from February 18, 1905, at $300 per month in advance therefrom, and commissions on excess of sales by him above $50,000 after same had been paid for. Evidence there was, and sufficient, to find a subsequent modification thereof by the parties whereby the plaintiff was to receive $75 per week in advance, instead of the sum of $300 per month, and a discharge for cause in the month of July following. There was introduced in evidence written notice to quit, dated July 18th; but it may not be said that the plaintiff was not effectually discharged until that date, for the defendants testified to oral notice on July 7th, and the plaintiff himself to oral notice before the receipt of the written notice, and that he continued to incur expenses thereafter for a period of three days. The defendants testified to the last payment for services as of July 2d, and the plaintiff to the sum of $19.25 for expenses incurred; but, in view of plaintiff's own testimony, this should be reduced by at least the sum of $6.80. However, as it does not appear from the judgment when the plaintiff was discharged, whether on July 7th, 11th, or 18th, the amount of the judgment for $119.75, exclusive of costs, may not stand; for if the discharge occurred on the earlier dates the amount of the judgment in either case was excessive, and if on the last above mentioned date the amount of the judgment was inadequate. The judgment should therefore be reversed, and a new trial ordered, unless the plaintiff consents to a reduction of the amount awarded to him, and accepts the sum of $87.45 and appropriate costs.

STEPNIAK v. LAKE SHORE & M. S. RY. CO. (Supreme Court, Appellate Division, Fourth Department. December 6, 1906.) Action by George Stepniak against the Lake Shore & Michigan Southern Railway Company.

PER CURIAM. Plaintiff's exceptions sustained, and motion for new trial granted, with costs to the plaintiff to abide event. Held, that the questions of defendant's negligence and absence of contributory negligence on the part of the plaintiff are questions of fact which should have been submitted to the jury.

McLENNAN, P., and NASH JJ., dissent.
(111 App. Div. 912)

STERLING, Appellant, v. CHAPIN, Respondent. (Supreme Court, Appellate Division, First Department. January 19, 1906.) Appeal from judgment on Report of Referee. Action by John W. Sterling, as executor, etc., against Albert K. Chapin, individually, etc. From a judgment entered on the report of a referee, and from an order granting costs, both parties appeal. Affirmed. J. A. Garver, for plaintiff. L. L. Kellogg, for defendant.

PER CURIAM. The order appealed from should be affirmed, without costs; and upon the authority of Sterling v. Chapin, 102 App. Div. 589, 92 N. Y. Supp. 904, the judgment appealed from should also be affirmed, without costs.

LAUGHLIN, J., dissents, on his opinion on the previous appeal.

STEWART v. NEW YORK CITY RY. CO. (Supreme Court, Appellate Division, First Department. December 30, 1905.) Action by Lucius Stewart against the New York City Railway Company. No opinion. Motion denied with $10 costs.

STOCKTON, Appellant, v. CITY OF BUFFALO et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. December 6, 1905.) Action by Lewis Stockton against the city of Buffalo and another. No opinion. Motion for leave of appeal to the Court of Appeals denied, with $10 costs.

STONE, Appellant, v. MAIL & EXPRESS CO., Respondent. (Supreme Court, Appellate Division, First Department. December 8, 1905.) Action by Junius H. Stone against the Mail & Express Company. C. E. Thornall, for appellant. C. L. Burr, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

In re STONE & KIMBALL. (Supreme Court, Appellate Division, First Department. December 8, 1905.) In the Matter of Stone & Kimball. No opinion. Order affirmed, with $10 costs and disbursements.

STRAIT et al., Respondents, v. LINDSAY et al., Appellants. (Supreme Court, Appellate Division, Third Department. January 8, 1906.) Action by William G. Strait and others against Walter E. Lindsay and others. No opinion. Judgment and order unanimously affirmed, with costs.
(111 App. Div. 916)

STUMP, Appellant, v. BUTTERFIELD, Respondent. (Supreme Court, Appellate Division, Second Department. January 5, 1906.) Action by Herman Stump against Julia L. Butterfield, as executrix, etc. No opinion. Order reversed, with $10 costs and disbursements, motion denied, with costs, and verdict reinstated, upon the authority of Dubuc v. Lazell, Dalley & Co., 182 N. Y. 482, 75 N. E. 401.

SUSSMAN, Respondent, v. NELSON, Appellant. (Supreme Court, Appellate Division, Second Department. December 8, 1905.) Action by Alexander Sussman against Samuel Nelson. No opinion. Judgment of the Municipal Court affirmed, with costs.

SWARTHOUT, Appellant, v. CULVER et al., Respondents. (Supreme Court, Appellate