(110 App. Div. 78.)

CHICHESTER v. WINTON MOTOR CARRIAGE CO.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

1. APPEAL—NARRATIVE OF TRIAL JUDGE—EFFECT.

On appeal from an order setting aside a judgment entered on a verdict, the narrative of the trial justice stating the facts on which he acted, and the minutes of the clerk are conclusive.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 2850, 2851.]

2. STIPULATIONS—VALIDITY—RECEPTION OF VERDICT BY CLERK—OPENING AND REPORTING IN ABSENCE OF JUDGE.

A stipulation by the parties that a sealed verdict directed in an action might be delivered to the officer in charge of the jury, to be by him given to the clerk of court, and by the latter opened and recorded in the minutes, in the absence of the presiding justice and the jury, was valid.

3. APPEAL—ADJOURNMENT BEFORE VERDICT—EVIDENCE.

On appeal from an order vacating a judgment, an affidavit made for the purpose of showing a formal adjournment before receipt of verdict,

and stating that "thereupon his honor left the court, which thereupon adjourned," stated a conclusion only, and did not establish a formal adjournment.

4. TRIAL—ADJOURNMENTS—ABSENCE OF JUSTICE.

The fact that the presiding justice left the courtroom during a trial, while the jury was out, did not adjourn the court.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 38.]

5. SAME—ABSENCE OF JUSTICE AND JURY ON RECEIPT OF VERDICT—IRREGULARITY—WAIVER.

The absence of the trial justice and jury when a verdict received is at most an irregularity, which may be waived by stipulation of the parties.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 973.]

Appeal from Special Term, Kings County.

Action by Daniel R. Chichester against the Winton Motor Carriage Company. From an order vacating a judgment for plaintiff, etc., he appeals. Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Henry H. Sawyer, for appellant.

Charles T. Terry (J. D. Lee, on the brief), for respondent.

RICH, J.   This is an appeal from an order vacating and setting aside a judgment entered by plaintiff upon a verdict rendered in his favor after trial by jury, at a trial term, as well as the verdict upon which such judgment was based. Counsel for the parties differ as to the conditions under which the verdict was received, but the trial justice in his opinion states the facts upon which he acted, and such narrative and the minutes of the clerk must be held to be conclusive here, in the consideration of the appeal. It appears from the minutes that:

"The jury were directed to seal their verdict, and, on consent of both parties, hand the same to the officer in charge of the jury to be delivered to the clerk, who must open it and record the same upon the minutes of this court with the same full force and effect as if said verdict had been received in open court in the presence of the jury, and that the jury be discharged. All motions to be reserved until next Monday."

From the opinion of the learned trial justice it appears that the trial of the case ended on Friday afternoon, March 24th, which was the last day of the term for the attendance of trial jurors then serving, and that:

"After the presiding justice had charged the jury, he asked counsel for both plaintiff and defendant if they would consent that the sealed verdict which had been ordered might be delivered to the officer in charge of the jury, to be by him given to the clerk of the court, who might thereupon open and record it in the minutes in the absence of the presiding justice and the jury. To this each counsel specifically consented. The court thereupon directed the clerk to keep the jury together for three hours, and if they had not at that time agreed, to discharge them. The jury agreed upon their verdict in about one hour and a half, which was sealed and delivered to the clerk, who thereupon received, opened, and recorded the same in the absence of the presiding justice and the jury in accordance with the terms of the stipulation above stated."

The record shows in addition that counsel representing both parties were present when the verdict was opened, and recorded and took no

objection to such action; that a motion was made on March 27th by the defendant for a new trial which was not based upon the manner in which the verdict was received and recorded, the attention of the court not being in any manner directed thereto. On June 1st, following, the defendant moved to set the verdict and judgment entered thereon aside and urged:

"That, notwithstanding the stipulation of counsel, the clerk had no power to receive and record the verdict in the absence of the presiding justice and the jury."

This motion was granted, and from the order entered thereon this appeal is taken.

In Dubuc v. Lazell, Dalley & Co., 182 N. Y. 482, 75 N. E. 401, the Court of Appeals reaffirmed the principles declared by Judge Earl, in Matter of N. Y., L. & W. R. R. Co., 98 N. Y. 447, that:

"Parties by their stipulations may in many ways make the law for any legal proceedings to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contract than are prescribed by the statutes; such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal, and all such stipulations not unreasonable, not against good morals, or sound public policy, have been and will be enforced; and, generally, all stipulations made by parties for the government of their conduct, or the control of their rights, in the trial of a cause, or the conduct of litigation, are enforced by the courts."

And it cited Cowenhoven v. Ball, 118 N. Y. 231, 23 N. E. 470, and Vose v. Cockeroft, 44 N. Y. 415, in support of the proposition that "in civil cases a party may stipulate away his rights, questions of jurisdiction, as well as others, and he may do this by express agreement, by acts inconsistent with the objection, or by his silence and omission to present the proper objections when he ought to object," reaching the conclusion that if such a stipulation may be repudiated under any circumstances, it must be because of the inherent illegality of the proceedings taken under the stipulation, and that the receiving of a verdict by the clerk of the court and its entry in the minutes in the absence of the presiding justice, did not constitute such inherent illegality.

The case at bar differs from the Dubuc Case only in the fact that the verdict was delivered to the officer in charge of the jury in the first instance, and was opened and recorded by the clerk in the absence of the jury as well as the presiding justice, which it was expressly stipulated and agreed should be done. This difference does not remove the case under consideration from the effect and operation of the principles established by the Court of Appeals in the case cited. Three days after the verdict was received and recorded, defendant's counsel made the usual motion for a new trial, without calling to the attention of the court the irregularity now complained of, or urging it as a reason for the granting of such motion. Every step in the procedure taken was consented to and authorized by the stipulation made in open court. The receipt of the sealed verdict by the officer in charge of the jury; the discharge of the jury; the delivery of the sealed verdict to the clerk; his opening and recording it in the absence of both the presiding

justice and the jury were in exact accordance with the specific instructions contained in the stipulation, and consented to and authorized by counsel representing both parties to the action.

There is nothing in the record to show that the court was formally adjourned before the verdict was received, as claimed by counsel, with the exception of a statement in the affidavit of Mr. Lee, as follows:

"That thereupon his honor left the court, which thereupon adjourned."

This states a conclusion rather than a fact, and does not establish a formal adjournment and the contention that no court was in session when the verdict was received. The fact that the presiding justice left the court room, a jury being out, would not adjourn the court. While it is true, as claimed, that the parties had no opportunity to poll the jury, that the court was not there where he could be reached for the purpose of a further charge or causing parts of the evidence to be read to the jury had it been necessary, and that had the verdict when rendered proved to have been irregular they could not have been sent back for further deliberation, because of their having been discharged before the verdict was received by the clerk, it is equally true that such conditions were made possible by the stipulation which they had the right to make, and the defendant cannot be heard to complain in this court of such results. The trial court could have relieved the defendant from the effect of the stipulation and waiver because of mistake, inadvertence, or other good cause; but such action was not invoked in its behalf, and it is too late to now complain of the necessary results of its own acts although injurious to its interests. We see no reason why, under the authority cited, this stipulation was not one that counsel had a right to make, which cannot be repudiated because of claimed inherent illegality of the proceedings taken under its provisions. The absence of the trial justice and jury when the verdict was received was at most an irregularity which the parties by their stipulation have waived.

Order appealed from reversed, with costs.

Order reversed, with $10 costs and disbursements, and verdict, together with the judgment, reinstated. All concur.