(110 App. Div. 370.)

### TERRIBERRY v. MATHOT.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. NEW TRIAL—CONDITIONS FOR GRANTING—PAYMENT OF COSTS.

Where the trial court reaches the conclusion that there has been a mistrial, it cannot impose as a condition of a new trial the payment of costs and disbursements.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 323.]

2. APPEAL—QUESTIONS PRESENTED FOR REVIEW—GROUNDS FOR NEW TRIAL.

The determination of the trial court that there had been a mistrial, inasmuch as the verdict had been received by a justice who did not preside at the trial, cannot be reviewed on appeal, where the only error alleged is that the court erred in granting a new trial conditionally on the payment of costs and disbursements.

Appeal from Trial Term, New York County.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Wm. L. Mathot, for appellant.
Walter C. Flanders, for respondent.

McLAUGHLIN, J. This appeal is from so much of an order granting a new trial as imposed the payment of costs and disbursements of the action as a condition thereof. The action was tried before a justice

of this court and the plaintiff had a verdict for $420, with interest. When the jury came in with its verdict, the trial justice was absent and the verdict was received by another justice of this court, who discharged the jury and directed that all motions be heard by the trial justice. Subsequently the defendant moved, before the trial justice, that the trial be declared a mistrial, and that the verdict be set aside, inasmuch as the same had been received by a justice who did not preside at the trial. The motion was granted and the order made was as follows:

"Ordered that said motion be, and the same hereby is, granted and that the said trial heretofore had in this action at this term be, and the same hereby is, declared a mistrial; and the said verdict rendered as aforesaid be, and the same hereby is, vacated and set aside on condition that the defendant pay plaintiff his costs and disbursements of the action within 10 days after the taxation thereof by the clerk, upon notice, and that in default of such payment the said motion be and the same hereby is denied."

Only so much of the order is appealed from as directs the payment of costs and disbursements as the condition of a new trial. That part of the order which determined there had been a mistrial not having been appealed from by either party is binding upon both of them, and finally settles and determines that there was a mistrial. The court having reached this conclusion, it could not impose, as a condition of a new trial, the payment of costs and disbursements. There having been a mistrial, a new trial followed as a matter of right. Smith v. City of New York, 55 App. Div. 90, 66 N. Y. Supp. 1046.

The correctness of the order in determining there had been a mistrial is not before us, and we cannot review the action of the court in so determining. It may not, however, be out of place to say if the question were before us we should entertain a different view. Dubuc v. Lazell, Dalley & Co., 182 N. Y. 482, 75 N. E. 401.

The order, therefore, so far as appealed from, must be reversed, with $10 costs and disbursements. All concur.

---

## TERRIBERRY v. MATHOT.

(Supreme Court, Appellate Division, First Department. February 23, 1906.)

1. TRIAL—RECEPTION OF VERDICT—ABSENCE OF TRIAL JUDGE—RECEPTION BY OTHER JUDGE.

    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 761.]

2. SAME—WAIVER—ACQUIESCENCE OF COUNSEL.

    The acquiescence of counsel for defendant in the rendition of a verdict during the absence of the justice who presided at the trial, but in the presence of another justice of the court, amounted as to defendant to a waiver of the irregularity.

    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 761.]

Appeal from Trial Term, New York County.

Action by Joseph F. Terriberry against Louis Mathot. From an or-