## TERRIBERRY v. MATHOT.

(Supreme Court, Appellate Division, First Department. February 23, 1906.)

1. TRIAL—RECEPTION OF VERDICT—ABSENCE OF TRIAL JUDGE—RECEPTION BY OTHER JUDGE.

The rendition of a verdict in the absence of the justice who presided at the trial, but in the presence of another justice of the same court, was a mere irregularity, which might be waived by the parties.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 761.]

2. SAME—WAIVER—ACQUIESCENCE OF COUNSEL.

The acquiescence of counsel for defendant in the rendition of a verdict during the absence of the justice who presided at the trial, but in the presence of another justice of the court, amounted as to defendant to a waiver of the irregularity.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 761.]

Appeal from Trial Term, New York County.

Action by Joseph F. Terriberry against Louis Mathot. From an or-

der granting a motion to set aside the verdict and declaring the trial
a mistrial, plaintiff appeals.   Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM,
LAUGHLIN, and CLARKE, JJ.

Walter C. Flanders, for appellant.
William L. Mathot, for respondent.

PATTERSON, J.  This action was tried by the court and a jury;
Mr. Justice MacLean presiding.  It was submitted to the jury and Mr.
Justice MacLean left the bench.  The verdict, which was for the plain-
tiff, was received by Mr. Justice Amend, without objection.  The de-
fendant's counsel then and there made various motions, which stood
over for the consideration of the justice who presided at the trial.
There was no motion then made to set aside the verdict on the ground
of a mistrial, but several days after the verdict was rendered the de-
fendant's counsel moved before Mr. Justice MacLean to set it aside on
the ground of a mistrial, in that the verdict was improperly received.
No actual consent appears in the record to the verdict being received
as it was, but apparently the course pursued was with the acquiescence
of the defendant's counsel.  The motion was granted, and from the or-
der entered thereupon this appeal is taken.

This order was doubtless made in reliance upon certain decided cases
which seem to hold that a verdict in the absence of the justice who pre-
sided at the trial is unauthorized and invalid.  Those cases, however,
have been recently referred to, criticised, and distinguished by the
Court of Appeals in Dubuc v. Lazell, Dalley & Co., 182 N. Y. 482, 75
N. E. 401.  It was there held that a verdict is not void because it was
rendered in the absence of the justice who presided at the trial, where it
appeared that the parties stipulated in open court that it should be re-
ceived by the clerk; and it was stated in the opinion of the court that
thus receiving a verdict is, at most, an irregularity which the parties
could waive, while it would undoubtedly be competent for the court
to relieve the defendant upon good cause shown.

The absence of the trial judge was a mere irregularity.  There was
another judge of the Supreme Court present at the time the verdict was
received.  The Dubuc Case seems to us to control, as has already been
intimated in the opinion of the court, by McLaughlin, J., when this
cause was before us on an appeal from an order granting a new trial
(December term, 1905).  Under the decision of the Court of Appeals
in the Dubuc Case, the only matter for our consideration now is wheth-
er there was a waiver of any objection that might have been taken to
the reception of the verdict.  That case was decided upon the particular
facts, and it was held that the judgment entered upon the verdict was
not void; and under the facts as they appear in this record we reach
the same conclusion respecting the case at bar.

The order should be reversed, with $10 costs and disbursements,
and the motion for a new trial denied, with costs.  All concur.