HOLCOMBE et al. v. LEAVITT et al.

(Supreme Court, Special Term, Erie County.  August, 1910.)

1. STIPULATIONS (§ 11*)—SCOPE—VALIDITY.
    Parties to an action may stipulate or waive statutory and even constitutional rights, and in many ways make the law for any legal proceedings in which they are engaged, and all such stipulations, if reasonable, and not contrary to good morals or sound public policy, will be enforced.
    [Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 23;  Dec. Dig. § 11.*]

2. STIPULATIONS (§ 11*)—VALIDITY—ENFORCEMENT.
    Pending certain litigation involving the future conduct of a church, the parties stipulated in open court that the attorneys and counsel for the respective parties, and the referee and secretary named in an order based on such stipulation, be paid for all their services in the action and proceeding out of the treasury of the church.  Held, that such stipulation was valid and enforceable, and authorized the court thereafter in the same action to determine the amount that should be allowed for such fees, disbursements, etc., and to direct payment thereof out of the funds of the church.
    [Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 11.*]

Suit by Charles D. Holcombe and others against Annie V. C. Leavitt and others.  On application for an order fixing attorney's fee, and for an allowance for services and disbursements.  Granted.

See, also, 124 N. Y. Supp. 980.

A. W. Thayer and E. E. Tanner, for plaintiffs.
S. Fleischmann, W. F. Houpt, and G. H. Frost, for defendants.

MARCUS, J.  This application is for an order of the court determining and fixing the value of the services and disbursements of the attorneys and counsel for the defendants, and directing that the sum fixed as the value of such services and disbursements be paid by the First Church of Christ, Scientist, as provided in the order heretofore made by this court on the 14th day of January, 1910.  The order referred to was made upon a stipulation, and among other things, as part of an elaborate and comprehensive injunction order, reads as follows:

"And it is hereby further ordered, on the stipulation of all the parties hereto named in open court, that attorneys and counsel for respective parties, and the referee and secretary herein named, be paid for all their services in the above-entitled action and proceeding out of the treasury of the First Church of Christ, Scientist, in Buffalo, N. Y."

The plaintiffs oppose this motion to fix the fees (although the referee and secretary has been so paid) upon the ground that the stipulation and order were merely written evidence, and, excepting as they were written evidence of what the rights of the attorneys were, it was mere surplusage, and that by stipulating and ordering that the church be liable for the fees, which was a fact without the stipulation and order, the court gained no power to fix the fees where it did not have any

such power before the order was made; that the court merely ordered, and the parties merely stipulated, what was an existing fact, to wit, that, the petitioners being employed by the church and by the trustees in power, the church was liable for their services, and that the only tribunal by which the value of these services may be fixed is a jury of their peers.

The stipulation must be considered as a waiver of the right of a trial by jury, as it was intended. If any construction other than such waiver should be determined on at this time, it would make the stipulation as originally entered into a mere formality, without any design or purpose. It may fairly be assumed that it· had some purpose, or it would not have been made; and to now hold that the liability of the church is identical with or without the stipulation, and that by reason of the stipulation the court gained no power to fix and determine the fees, and that the stipulation simply declared what was the fact—that the church was liable for the attorney's fees—would be a construction so ridiculous that it can appeal to no rational mind, since the stipulation would then have to be regarded as made simply for the making of it. No such construction should prevail. This stipulation was made at a time when it was of the greatest advantage to the plaintiffs' attorneys. The defendants' attorneys were at all times in a position to collect their charges, having been retained by the trustees of the church. The plaintiffs' attorneys, had they failed to obtain control of the church by the vote which ultimately put them in authority, would have been in no position to have had their charges for services paid by the church treasury, and for that very reason, while affairs remained in that uncertain condition, depending on the vote referred to, this stipulation was entered into, with apparently greater benefit to those who now oppose than to those who now petition.

In Dubuc v. Lazell, Dally & Co., 182 N. Y. 486, 75 N. E. 401, the language of Judge Earl, written for the same court in Matter of N. Y., L. & W. Railroad Co., 98 N. Y. 447, 453, where many authorities are cited, was again quoted:

"Parties by their stipulations may in many ways make the law for any legal proceedings to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory and even constitutional rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contract than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that a decision of a court shall be final, and thus waive the right of appeal; and all such stipulations, not unreasonable, not against good morals, or sound public policy, have been and will be enforced; and, generally, all stipulations made by parties for the government of their conduct or the control of their rights, in the trial of a cause or the conduct of litigation, are enforced by the courts."

"In civil cases a party may stipulate away his rights, questions of jurisdiction, as well as others, and he may do this by express agreement, by acts inconsistent with the objection, or by his silence and omission to present the proper objections when he ought to object." Cowenhoven v. Ball, 118 N. Y. 231, 236, 23 N. E. 470; Vose v. Cockcroft, 44 N. Y. 415.

It is conceded by the plaintiffs that if the stipulation and order had been made fixing the attorney's fees at $2,000 or $1,700, and the order had not been appealed from and reversed, it is very probable that it

could have been enforced. If it be conceded that the mere fixing of the amount would have made the order enforceable, it must likewise be conceded that the fixing of the amount is a mere incident, and that the court would have power to take testimony upon the question of the value of the services, and then enforce its order with equal effect as if the amount had been originally stated in the order which it is conceded the court might have enforced.

No action is necessary in this case, since it has been held that where an agreement has been made in the action by the parties thereto it can be enforced in the action, and a separate suit need not be brought. Edward J. Kelsey et al. v. James Sargent et al., 2 N. Y. St. Rep. 669.

An order may therefore be made directing the parties to appear before me at some future time, to be agreed upon, for the purpose of presenting testimony as to the value of the services, or a referee appointed for that purpose.