CHARLES D. HOLCOMBE et al., Plaintiffs, *v.* ANNIE V. C. LEAVITT et al., Defendants.

(Supreme Court, Erie Special Term, October, 1910.)

Stipulations — Enforcement of stipulation — Enforcement in principal action.

The stipulations made by the parties to an action for the government of their conduct or the control of their rights on the trial, if reasonable and not contrary to good morals or sound public policy, will be enforced by the courts.

Where the parties, including the church officers, to an action which involves the future control of the church stipulate in open court that their respective attorneys and counsel and the referee and secretary named in the injunction order based on said stipulation should be paid for all their services in the action and proceeding out of the treasury of the church, such stipulation is valid and enforceable and is a waiver of the right to a trial by jury; and thereunder the court in the same action has power to take testimony as to the value of such services and enforce its order directing payment therefor from the treasury of the church in an amount determined by the court.

MOTION for an order fixing an attorney's fees and for an allowance.

A. W. Thayer and E. E. Tanner, for plaintiffs.

S. Fleischmann, W. F. Houpt and G. H. Frost, for defendants.

MARCUS, J.  This application is for an order of the court determining and fixing the value of the services and disbursements of the attorneys and counsel for the defendants, and directing that the sum fixed as the value of such services and disbursements be paid by the First Church of Christ, Scientist, as provided in the order heretofore made by this court on the 14th day of January, 1910.

The order referred to was made upon a stipulation, and, among other things, as part of an elaborate and comprehensive injunction order, and reads as follows: "And it is hereby further ordered, on the stipulation of all the parties hereto named in open Court, that attorneys and counsel for respective parties, and the Referee and Secretary herein named, be paid for all their services in the above entitled action and proceeding, out of the treasury of the First Church of Christ, Scientist, in Buffalo, N. Y."

The plaintiffs oppose this motion to fix the fees (although the referee and secretary have been so paid), upon the ground that the stipulation and order were merely written evidence and, excepting as they were written evidence of what the rights of the attorneys were, their contents

were mere surplusage; and that by stipulating and ordering that the church be liable for the fees, which was a fact without the stipulation and order, the court gained no power to fix the fees, where it did not have any such power before the order was made; that the court merely ordered, and the parties merely stipulated, what was an existing fact, to wit: that, the petitioners being employed by the church and by the trustees in power, the church was liable for their services, and that the only tribunal by which the value of these services may be fixed is a jury of their peers.

The stipulation must be considered as a waiver of the right of a trial by jury, as it was intended. If any construction other than such waiver should be determined on at this time, it would make the stipulation as originally entered into a mere formality without any design or purpose. It may fairly be assumed that it had some purpose, or it would not have been made; and to now hold that the liability of the church is identical with or without the stipulation, and that by reason of the stipulation the court gained no power to fix and determine the fees, and that the stipulation simply declared what was the fact — that the church was liable for the attorneys' fees — would be a construction so ridiculous that it can appeal to no rational mind, since the stipulation would then have to be regarded as made simply for the making of it. No such construction should prevail. This stipulation was made at a time when it was of the greatest advantage to the plaintiffs' attorneys. The defendants' attorneys were at all times in a position to collect their charges, having been retained by the trustees of the church. The plaintiffs' attorneys, had they failed to obtain control of the church by the vote which ultimately put them in authority, would have been in no position to have had their charges for services paid by the church treasury; and for that very reason, while affairs remained in that uncertain condition, depending on the vote referred to, this stipulation was entered into with apparently greater benefit to those who now oppose than to those who now petition.

In Dubuc v. Lazell, Dalley & Co., 182 N. Y. 486, the

language of Judge Earl, written for the same court in Matter of N. Y., L. E. & W. Railroad Co., 98 id. 447, 453, where many authorities are cited, was again quoted: " Parties by their stipulations may in many ways make the law for any legal proceedings to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contract than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal; and all such stipulations not unreasonable, not against good morals, or sound public policy, have been and will be enforced; and generally, all stipulations made by parties for the government of their conduct or the control of their rights, in the trial of a cause, or the conduct of a litigation, are enforced by the courts."

" In civil cases a party may stipulate away his rights, questions of jurisdiction as well as others, and he may do this by express agreement, by acts inconsistent with the objection, or by his silence and omission to present the proper points when he ought to object."   Cowenhoven v. Ball, 118 N. Y. 231, 235; Vose v. Cockcroft, 44 id. 415.

It is conceded by the plaintiffs that, if the stipulation and order had been made fixing the attorneys' fees at $2,000 or $1,700, and the order had not been appealed from and reversed, it is very probable that it could have been enforced. If it be conceded that the mere fixing of the amount would have made the order enforcible, it must likewise be conceded that the fixing of the amount is a mere incident, and that the court would have power to take testimony upon the question of the value of the services, and then enforce its order with equal effect as if the amount had been originally stated in the order which it is conceded the court might have enforced.

No action is necessary in this case, since it has been held that, where an agreement has been made in the action by the parties thereto, it can be enforced in the action, and a

separate suit need not be brought. Kelsey v. Sargent, 2 N. Y. St. Repr. 669.

An order may, therefore, be made directing the parties to appear before me at some future time to be agreed upon, for the purpose of presenting testimony as to the value of the services, or a referee appointed for that purpose.

Ordered accordingly.