WILLIAM A. SMITH and BENSEN WHEELER, Respondents, *v.*
IDA J. GRAVES, Appellant.

Third Department, May 7, 1919.

Contract — action for services performed in baling hay — when
section 253 of General Business Law requiring bales to be marked
does not prevent recovery — practice — irregularity in entry of
verdict — waiver.

Where in an action to recover for work, labor and services performed in
pressing hay for the defendant, there was evidence that the defendant
agreed to do her own tagging and furnish the tags, and that the hay was
not pressed for the market, and the jury found for the plaintiffs, the
provisions of section 253 of the General Business Law, providing, in
effect, that a presser of hay for market shall mark each bale with a tag,
do not prevent a recovery.

An irregularity by a trial justice in permitting a sealed verdict to be
delivered to the clerk and in noting upon the minutes that upon the
return of the verdict the defeated party may make a motion under section
999 of the Code of Civil Procedure, and that such motion will be denied
without objection by counsel, cannot be raised for the first time upon
appeal by the defeated party.

An order denying a motion for a new trial upon the grounds mentioned in
section 999 of the Code of Civil Procedure and based upon no other
grounds and the notice of appeal will be deemed an effectual waiver of
any objection to the aforesaid irregularity.

APPEAL by the defendant, Ida J. Graves, from a judgment
of the Supreme Court in favor of the plaintiffs, entered in
the office of the clerk of the county of Cortland on the 10th day
of November, 1917, upon the verdict of a jury, and also from
an order entered in said clerk's office on or about the same day
denying defendant's motion for a new trial made upon the
minutes.

*James O. Sebring,* for the appellant.

*Clayton R. Lusk,* for the respondents.

JOHN M. KELLOGG, P. J.:

At the close of the evidence each side moved for judgment.
The motions were denied and the defendant's counsel asked

what question would be submitted to the jury. The court asked if there was any other question except the fact that the hay was pressed for the market. Plaintiffs' counsel suggested also the question as to whether the defendant was to do her own tagging and furnish her own tags. The defendant's counsel objected to the latter question going to the jury. The course of the trial, therefore, eliminated all other questions on the merits from the case. There was evidence that the defendant agreed to do her own tagging and furnish the tags and that the hay was not pressed for the market. The jury found for the plaintiffs, and, therefore, the provisions of section 253 of the General Business Law do not prevent a recovery.

The defendant attempts to raise another question which she has foreclosed herself from raising and which probably would be unavailable if properly raised. Mr. Justice DAVIS, the former partner of the plaintiffs' attorney, was presiding at the Trial Term, but Mr. Justice McCANN tried this case on account of Mr. Justice DAVIS' disqualification. When the case was submitted to the jury Mr. Justice McCANN stated that on account of the lateness of the hour, and the fact that he could not be there to receive the verdict, he had prepared a blank, and told the jury how to enter their verdict upon it and sign it, and that after they had done so it should be sealed and the foreman would deliver it to the clerk. The court further said: " I will have noted upon the minutes that upon the return of the verdict the defeated party may make a motion on the grounds stated in section 999; that such motion will be denied, and judgment may be entered and a stay of sixty days granted after entry of judgment. This verdict is to be signed by each one of the jurors."

The defendant's counsel then made several requests to charge and took exceptions to the charge. Upon the return of the verdict to the clerk he was required to adjourn the court until nine-thirty the following morning. The jury retired for deliberation at six-ten P. M.; at nine-fifty P. M. the jury returned into the court room and handed to the clerk the sealed verdict. The roll of the jury was called, all being present; the clerk opened the seal, filed the verdict, entered it in his minutes and adjourned court as directed.

On February 20, 1918, Mr. Justice McCANN signed an order,

as of the Cortland term, reciting the trial and that the jury having rendered a verdict in favor of the plaintiffs, and the justice having then entertained a motion for a new trial upon his minutes upon all the grounds specified in section 999 of the Code of Civil Procedure, except that the verdict is inadequate, and having denied said motion, now on motion of Mr. Sebring the motion is denied.

Mr. Justice DAVIS being disqualified to act in the case, we may well disregard what took place before him on the day following the verdict. The method pursued by Mr. Justice McCANN, while quite usual, was irregular. Nevertheless the direction was given by him in open court and neither counsel objected. Considering the course of the trial each counsel must be assumed to have agreed to it. A timely objection would have led to a different procedure and avoided the irregularity. The appellant cannot well at this time raise the question. (*Dubuc v. Lazell, Dalley & Co.*, 182 N. Y. 482.) Counsel cannot speculate upon a verdict of a jury by holding back a technical objection, and apparently consenting to an irregular practice, and then, after the verdict is against him, without any motion based upon the irregularity, appeal and mulct the plaintiff in a large bill of costs. If there was an irregularity, the proper way to correct it was by motion to set aside the verdict and not by an appeal from the judgment and from an order denying a new trial upon the minutes. The order made February twentieth, denying the motion for a new trial upon the grounds mentioned in section 999 of the Code of Civil Procedure, and based upon no other grounds, and the notice of appeal, should be deemed an effectual waiver of any objection which might exist.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.