JOSEPH COVALESKI, Respondent, v. ETHEL THOMAS and Another, Appellants.

Third Department, May 14, 1930.

*Robert O. Brink* [*Hugh J. Heffern* of counsel], for the appellants.

*Wales & Fischette* [*Frederick J. Meagher* of counsel], for the respondent.

PER CURIAM. The justice who tried the case permitted the jury to bring in a sealed verdict to be returned on the following Monday morning. It was stipulated that the clerk might open the verdict in the absence of the court. When the court reconvened on Monday morning another justice was presiding. It was then stipulated that he could " take all action necessary in connection with the

reception of this verdict * * * as far as any proceedings are held now." The powers reposed in such justice were very limited. (Civ. Prac. Act, § 65; Judiciary Law, § 148, as amd. by Laws of 1921, chap. 123.) A trial cannot be commenced before one judge and then continued before another, except that in the first and second judicial districts by statute special proceedings may follow that course. (Civ. Prac. Act, § 78.) The trial is not over until the jury brings in its verdict. (*Watertown Bank & Loan Co.* v. *Mix*, 51 N. Y. 558.) The presence of the judge is necessary for the validity of the proceedings (26 R. C. L. 1014), although it has been held permissible for the clerk to open the verdict in the absence of the court if there is no objection. (*Dubuc* v. *Lazell, Dalley & Co.*, 182 N. Y. 482.) And also there is authority that it does not constitute a mistrial if a sealed verdict in a case tried before one justice is opened and entered in the presence of another with all motions directed to be held before the presiding justice. (*Terriberry* v. *Mathot*, 110 App. Div. 370; *Smith* v. *Graves*, 187 id. 740; affd., 231 N. Y. 523.)

In view of the disqualification of the justice to sit at all in this case, except as stipulated, the stipulation must be very closely limited. His powers were merely to preserve and maintain the existence of a term of court so that the jurors there regularly assembled and the clerk should not be *functus officio.* Not having heard the case, he had no authority to give any instructions or to direct a verdict, which is what his acts amounted to. The jury brought in a verdict in favor of the plaintiff for $4,000 in a negligence action against two defendants and then proceeded to divide it, $2,000 against one defendant and $2,000 against the other. The court insisted twice, over defendants' exceptions, that the jury " find a verdict against both defendants for $4,000 in favor of the plaintiff." Again the jury returned into court and a juror stated: " We do not wish to find such a verdict." The court stated: " I directed you what to do and I want you to do it." The defendants' counsel excepted. The jury finally rendered the following verdict: " We find a verdict in favor of the plaintiff for $4,000." The validity of the verdict was raised on the motion for a new trial made before the justice who originally presided at the trial, but the motion was denied.

The original verdict being irregular and void as it stood, the clerk could have refused to receive it and the justice then presiding might have so advised the clerk. Then no doubt the justice could have advised the jury to retire and reconsider the verdict. Further than that he could not go. He had no right to direct a verdict as he did. Moreover, the verdict could not be entered as long as a single juror dissented. (*Weeks* v. *Hart*, 24 Hun, 181.) (See, also,

*Jacksonville, etc., R. Co.* v. *Adams,* 33 Fla. 608, and notes in 24 L. R. A. 272, 273.) Since a new trial must be granted it is unnecessary to comment upon errors alleged to have been committed on the trial and which probably will not arise again.

The judgment and order should be reversed and a new trial granted.

HINMAN, Acting P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.