CHARLES DREWS ET AL., PLAINTIFFS-APPELLANTS, v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT-APPELLEE.

Argued November 3, 1909—Decided January 13, 1910.

An agreement contained in a life policy that it "shall be incontestable, except for non-payment of premiums, two years from its date" limits all defences, including fraudulent representations as to physical condition, except non-payment of premium, to the period agreed upon. It does not condone fraud, but fixes the time within which the defence must be established, and provides a reasonable time for such purpose.

---

On appeal from the Second District Court of Newark.

Before Justices REED, BERGEN and MINTURN.

For the appellants, *Samuel Press* and *Harry Kalisch.*

For the appellee, *McCarter & English.*

The opinion of the court was delivered by

BERGEN, J. The defendant, on May 18th, 1907, issued to John Drews a life insurance policy under which $500 became

payable, after his death, to beneficiaries named therein. The policy contained the following covenant: "This policy shall be incontestable, except for non-payment of premiums, two years from its date." It is admitted that the insured was not in default in payment of premium, and that he died more than two years after the date of the policy. This action was instituted to recover on the policy, and the trial court having, against objection, admitted evidence tending to show that the insured had, in his application for insurance, misrepresented his condition of health, and falsely answered other material questions contained therein, thereupon directed a verdict for the defendant, from which result plaintiff appeals. The contention of the appellant is that the incontestability clause in the policy is a contract limiting the time within which the policy may be contested for any reason, except non-payment of dues, and that the limitation period agreed upon having expired, the defence admitted by the trial court, and upon which the direction of verdict rested, was an error which requires a reversal of this judgment. The contention of the appellee is that as the contract of insurance was obtained through fraud, it is void *ab initio,* and therefore there never was any legal contract to which the limitation agreed to can be applied, and also that such fraud may be shown in avoidance of the contract notwithstanding the clause of non-contest.

In *Wright* v. *M. B. L. Association,* 118 *N. Y.* 237, 243, where a similar contract was under consideration, it was held: "It is not a stipulation absolute to waive all defences and to condone fraud. On the contrary, it recognizes fraud and all other defences, but it provides ample time and opportunity within which they may be, but beyond which they may not be, established. It is in the nature of, and serves a similar purpose as, statutes of limitations and repose, the wisdom of which is apparent to all reasonable minds. It is exemplified in the statute giving a certain period after the discovery of a fraud in which to apply for redress on account of it. * * * The parties to a contract may provide for a shorter limitation thereon than that fixed by law, and such an agree-

ment is in accord with the policy of statutes of that character." This rule was approved in *Regan* v. *Union Mutual Life Insurance Co.,* 189 *Mass.* 555, in distinguishing between a clause making a policy incontestable after the expiration of a reasonable period from date, and one where the incontestability arises immediately upon the execution of the contract. One of the rules to be observed in the interpretation of contracts of this class is that they are to be liberally construed in favor of the insured, and all doubts or ambiguities resolved against the one who prepared the contract (*Royal Circle* v. *Achterrath,* 204 *Ill.* 549; 63 *L. R. A.* 452), and therefore we are of opinion that the incontestability clause in this contract should be interpreted to include all defences other than nonpayment of dues.

A contract in the precise words of the one now being considered was dealt with by the Supreme Court of Rhode Island (*Murray* v. *State Mutual Life Insurance Co.,* 22 *R. I.* 524), where it was held that the clause was plain and unambiguous, and clearly meant that no defence whatever could be interposed after two years from the date of the contract if the premiums had been paid according to its terms.

Counsel for appellee cites *Holland* v. *Chosen Friends,* 25 *Vroom* 490, in support of its claim that a clause of this character included in an agreement procured by fraud should not receive legal countenance, but the opinion in that case shows that this question was not considered. Mr. Justice Depue, who spoke for the court, said: "Without considering the question whether an agreement having the effect to constrain a party to abide by a contract procured from him by fraud and deception will receive any legal countenance where such an agreement is a part of the very contract which is tainted with fraud, I think it is clear that an agreement which shall be conceded that effect must be expressed in terms that are clear and unambiguous." In that case the application alone contained an agreement that any false statement by the applicant, or expulsion or suspension from the beneficial order, whether voluntary or involuntary, should forfeit his rights therein, and that in case of death during such suspension his

beneficiaries should not be entitled to any benefit therefrom. There was no incontestable contract in the certificate of membership, and it was held that the agreement of the assured contained in the application would not bar the association from repudiating the membership when it was obtained through fraud, no agreement not to do so appearing in the certificate of membership. This case does not help this appellee, because it affirmatively contracted not to contest the policy after a specified and reasonable period had elapsed.

The appellee further insists that if all the objections which it urges be resolved against it, yet the insured waived the benefit of the disputed clause. This claim is rested upon the fact that his application declared that the matters stated therein were true and should form the basis of the contract, if made, and if not true, then the policy should be null and void. The difficulty with this proposition is that notwithstanding this representation the insurer entered into the contract not to contest after two years, even if it should turn out that some of the representations were not true. If within the two years it had been discovered that some of the statements were not correct or wholly true, their falsity would have been a good ground for rescinding the contract during that time, but the statements do not amount to a waiver of the benefit of a covenant not then in existence, and which was made for the benefit of the assured upon conditions which it was agreed should not destroy the contract after a specified period.

The evidence upon which the direction for the defendant rests was improperly admitted, and without it the direction has no legal foundation. The judgment is therefore reversed, and a new trial ordered.